## BACON v. POMEROY.

PRINCIPAL AND AGENT—AUTHORITY TO COLLECT MORTGAGE.

A negotiable note and mortgage were assigned to a nonresident, with the knowledge of the grantee of the mortgagor. The assignee usually sent to the mortgagee to collect interest as it fell due, and the proceeds of such collections were remitted. On one occasion the assignee authorized the mortgagee to receive and remit a payment upon the principal, which the debtor had expressed a desire to make. Thereafter the debtor, relying on the mortgagee's representation that he was the agent of the assignee, made a further payment on the principal. The assignee retained possession of the mortgage

and note, and the mortgagee gave receipts in his own name. The latter never accounted for the last payment on the principal. *Held*, that no general authority to collect appeared, and that the payment was at the debtor's risk. MOORE, J., dissenting.

Appeal from Van Buren; Buck, J. Submitted June 8, 1898. Decided September 20, 1898.

Bill by Francis Bacon against Mary A. Pomeroy, William Klett, and others, to foreclose a mortgage. From a decree for defendants, complainant appeals. Reversed.

Bill to foreclose a mortgage. Defense, payment. The note and mortgage were dated January 28, 1889, and executed by George H. Pomeroy to one George E. Breck, for $800. It was a negotiable promissory note, due in five years from date. Breck immediately assigned the mortgage to Francis Bacon, who resided in Waterloo, N. Y. The money loaned belonged to Mr. Bacon as trustee. He did not record his assignment until February, 1896. Defendant Klett purchased the land March 11, 1889, subject to this mortgage. The note and mortgage were sent to Bacon, and were in his possession until the hearing. On February 10, 1893, Klett paid to Breck $400 of the principal, which is the sole subject of dispute here. He made this payment in good faith, assuming Breck to be the agent of Bacon. Breck proved to be a scoundrel, and did not remit the money. The sole questions are: (1) Was Breck the agent of Bacon? (2) Was Bacon's conduct such as to justify Klett in believing him to be such agent?

*Heckert & Chandler*, for complainant.
*Charles E. Sweet*, for defendants.

GRANT, C. J. (*after stating the facts*). Breck was not Bacon's agent. Bacon usually sent to Breck to collect the interest as it fell due, and it was paid and remitted.

Klett lived near Paw Paw, and knew Breck, in whom he placed confidence. He testified that Breck told him he was Bacon's agent. He had no other reason for so believing. He knew that Breck had assigned the note to an Eastern party. Bacon testified that he never authorized Mr. Breck to collect this amount, and had no knowledge of this payment until after Breck's death. Breck gave receipts to Klett in his individual name. On one occasion Klett informed Breck that he desired to pay $100 of principal. Breck wrote to Bacon, and received a letter authorizing him to receive and remit it. Klett did not ask Breck to see the note and mortgage, or if he had them. He knew that the note was negotiable, and that it was transferred, and he had no right to assume that Breck was Bacon's agent to collect the principal. The fact that Klett paid the interest to Breck, and that Breck remitted it to Bacon, is not sufficient to establish the authority to receive the principal, or any part of it, or to justify Klett in believing that Breck was Bacon's agent. The employés in Breck's office testified that they knew of no authority conferred by Bacon upon Breck. Breck's authority was confined by Bacon to express instructions on every occasion. All the transactions between Breck and Bacon are consistent with specific authority and instructions for each case, and do not establish general authority. Aside from this there is nothing to show such general authority. *Terry* v. *Durand Land Co.*, 112 Mich. 665; *Trowbridge* v. *Ross*, 105 Mich. 598; *Bromley* v. *Lathrop*, Id. 496; *Joy* v. *Vance*, 104 Mich. 99; *Church Association of Michigan* v. *Walton*, 114 Mich. 677. Klett could easily have ascertained whether Breck had authority. Instead, he chose to rely upon information given him by Breck. It is he, and not Bacon, who must suffer.

Decree reversed, with costs of both courts, and decree entered here for complainant.

MONTGOMERY, HOOKER, and LONG, JJ., concurred with GRANT, C. J.

MOORE, J. (*dissenting*).   I think the record shows Mr. Breck was authorized to receive the payments, and that the decree should be affirmed.