REPUBLIC MORTGAGE CO. *v.* JOHNSON.

1. PRINCIPAL AND AGENT—AGENCY—ESTOPPEL.

Although the former owner of mortgage security was without actual authority to receive payments thereon for the assignee, the latter would be bound thereby if its acts or conduct were such as to reasonably lead the mortgagor to believe that such agency in fact existed.

2. SAME—ACCEPTANCE OF PAYMENTS—ESTOPPEL.

The mere fact that the assignee accepted payments made to the original owner, for which the assignee issued receipts direct to the mortgagor, thus giving him notice of the true ownership, would not estop it from denying the agency of said former owner to receive further payments for which he did not account, if in fact no such agency existed.

On estoppel of principal to deny authority of agent who has not possession of securities to receive payment see notes in 23 L. R. A. (N. S.) 414; L. R. A. 1916B, 860.

Error to Manistee; Cutler (Hal L.), J.    Submitted October 11, 1922.    (Docket No. 77.)    Decided December 5, 1922.

Replevin by the Republic Mortgage Company against Victor Johnson for the possession of an automobile. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Charles N. Belcher* (*Clark, Emmons, Bryant & Klein*, of counsel), for appellant.

*Dovel & Dovel*, for appellee.

SHARPE, J.    On February 25, 1920, defendant purchased an automobile from L. J. Castle of Detroit, doing business as the C. C. Car Market, for $830.70, on which sum $332.28 was credited for an old car, the balance being payable in installments of $71.20. Defendant executed a note to the order of the C. C. Car Market for $498.42, payable "at the time or times stated in the schedule of payments hereon" at the office of the plaintiff company in Pittsburgh, Pennsylvania. This note was secured by a conditional sales agreement in which title was reserved and the seller authorized to take possession in case of default, etc., and sell at public or private sale. The note was indorsed and it and the agreement were assigned to plaintiff on the day they were executed, the deal having been completed by plaintiff's agent at Detroit where a branch office was maintained. Plaintiff's credit manager at Pittsburgh testified that on March 1, 1920, he mailed to defendant at his then Detroit address a notice that plaintiff had purchased the security and advised him that it had procured insurance on the car, the cost of which had theretofore been charged to defendant. The defendant denied receiving this or any other notice from plaintiff. Defend-

ant paid Castle $217.72 on March 1, 1920, and $209.60 on April 26, 1920, taking his receipts therefor. Castle forwarded these moneys to plaintiff. It sent defendant its receipts therefor. On May 17, 1920, defendant paid Castle the amount of the last installment. Castle failed to remit to plaintiff, who, after an effort to collect, first from Castle and afterwards from defendant, replevined the car from defendant. At the conclusion of the proofs both parties asked for a directed verdict. A verdict was directed for the defendant, the trial court holding that plaintiff by its course of conduct was—

"estopped from claiming Mr. Castle was not acting as their agent in receiving and receipting for this final payment."

Plaintiff here reviews the judgment entered thereon. by writ of error.

Whether defendant received the letter sent by plaintiff notifying him that it had purchased the security is, we think, unimportant. His contract with Castle provided for insurance. The cost thereof was charged to him and included in the amount of the note. He afterwards received the policy by mail, and admits that he read it. In it the plaintiff was referred to as mortgagee of the property insured. Later, when he made the first payment to Castle, the latter receipted for it, as he did for those subsequently made, in his own name and not that of plaintiff. After plaintiff received the remittances from Castle, it at once forwarded to defendant receipts therefor. These receipts he produced on the trial. It is therefore apparent that at the time the payment in question was made to Castle defendant knew that plaintiff was the owner of the security. When asked why he did not make payment to plaintiff instead of to Castle he answered—"Because Castle told me to pay it to him."

The defense in this case must rest on estoppel by plaintiff to deny the agency of Castle. That no such agency existed clearly appears. Without actual authority, plaintiff would be bound by the act of Castle in receiving the final payment, if its acts or conduct were such as to reasonably lead defendant to believe that such agency in fact existed. *Clark* v. *Dillman*, 108 Mich. 625; *Pettinger* v. *Alpena Cedar Co.*, 175 Mich. 162. The only thing plaintiff did was to accept the remittances forwarded to it by Castle and to send to defendant its receipts therefor. Such receipts were in themselves notice to defendant that those given him by Castle were not binding on plaintiff.

The doctrine of estoppel has never been so extended. The plaintiff surely had the same or a better right to assume that Castle was acting for the defendant in forwarding the money to the place where it was made payable as defendant had to assume that Castle was acting for plaintiff in accepting it from him. The rule is thus stated in 2 C. J. p. 461:

"Accordingly, it is a general rule that when a principal by any such acts or conduct has knowingly caused or permitted another to appear to be his agent either generally or for a particular purpose, he will be estopped to deny such agency to the injury of third persons who have in good faith and in the exercise of reasonable prudence dealt with the agent on the faith of such appearances."

There is no evidence in the record on which to base a finding that plaintiff permitted Castle to act or appear to act as its agent to collect the payments due from defendant. The result is a hardship to defendant, who relied upon Castle, but, as was said in *Bromley* v. *Lathrop*, 105 Mich. 492, 496:

"We are unable to see in what respect the complainant has been guilty of any act which ought to estop him from relying upon his ownership and possession of the securities, and from insisting upon payment."

See, also, *Joy* v. *Vance,* 104 Mich. 97; *Church Association* v. *Walton,* 114 Mich. 677; *Bacon* v. *Pomeroy,* 118 Mich. 145.

A verdict should have been directed for plaintiff. The judgment is reversed and a new trial granted, with costs to appellant.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.