ELIZABETH E. MCKENNA *vs.* MOSES FIELDING.

Worcester.   May 23, 1930. — July 11, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Competency; Notes refreshing recollection; Opinion: expert.
*Witness*, Cross-examination.  *Practice, Civil*, Exceptions:  whether
error harmful.  *Damages*, In tort.

At the trial of an action of tort for personal injuries, the only issue was
the amount of damage suffered by the plaintiff.  The plaintiff called
a physician as a witness, who, during his direct testimony, for the
purpose of refreshing his recollection referred to and read notes made
at the time of an examination he had made of the plaintiff.  On cross-
examination, counsel for the defendant asked for and received the
notes and questioned the witness respecting them and their subject
matter.  On redirect examination the plaintiff offered and, subject to
exception by the defendant, the judge admitted the notes, and they
were read to the jury.  They contained a statement of an examina-
tion by a certain physician "for insurance people."  Later a qualified
medical expert, the plaintiff's attending physician, testified that he
had heard the previous physician's notes read to the jury but had
not heard him testify.  He then was asked and, subject to exception
by the defendant, was permitted to answer a hypothetical question
specifically premised on the information "all as stated" in the notes
and relating to the nature and extent of the plaintiff's injuries.  At
the close of the evidence, on motion by the plaintiff, the judge struck
out the exhibit which contained the notes and instructed the jury to
eliminate from their minds "any facts which may have come to you
through the reading by counsel for the plaintiff of those records or
those notes upon their admission as an exhibit."  On exceptions by
the defendant after a verdict for the plaintiff, it was *held*, that

(1) The first physician's notes should not have been read to the
jury; the fact that counsel for the defendant called for them and
used them during the cross-examination did not thereby make them
competent as evidence;

(2) Even if the error was cured so far as the reading of the notes
to the jury was concerned by reason of the instructions of the judge
to disregard them, there remained prejudicial error, since they were
not eliminated as the basis of the testimony of the second expert in
answer to the hypothetical question based on them;

(3) The exception to the admission of the answer to the hypo-
thetical question was sustained.

TORT for personal injuries.  Writ dated December 5,
1927.

In the Superior Court, the action was tried before *Brown*, J.

The hypothetical question asked of Dr. John J. Curley in direct examination, after he had testified that he had not heard Dr. Denning testify but had heard his notes read in court, was as follows: "Let's assume Miss McKenna was sitting on the front seat of a bus, and there was a collision between the bus and an automobile, as a result of which she was thrown forward and then back suddenly onto the floor, of all of which there was evidence and then assume that you saw her as you saw her, and assume that following that she has had symptoms of pain and suffering and increased menstruation, all as stated in Dr. Denning's notes that I read, and condition physically on rectal examination is discovered to be that lower condition there on the blackboard and as Dr. Denning stated it in his notes — have you an opinion on that assumed set of facts as to whether or not there is any causal relation between the occurrence of the accident and the symptoms that followed it as I assumed it in the question?"

Other material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $12,000. The defendant alleged exceptions.

*S. M. Salny*, for the defendant.

*J. M. Hoy*, (*M. Michelson & W. L. Blake* with him,) for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries alleged to have been received by reason of negligence of the defendant. The record recites that counsel for the defendant "agreed in open court that the defendant was negligent and as a result thereof the issues at the trial were limited to damages only."

On September 14, 1926, the defendant was operating a motor vehicle in Sterling in this Commonwealth at a speed estimated from forty to fifty-five miles an hour and ran into a motor bus in which the plaintiff was a passenger, as a result of which she was thrown to the floor and received personal injuries which could have been found to be serious. The case is here on exceptions to the admission of evidence, and to

the refusal of the trial judge to declare a mistrial, at the request of the defendant, on the ground that evidence was offered by the plaintiff tending to show that the defendant was insured against liability.

Dr. William E. Denning, called by the plaintiff, qualified as a medical expert; he testified that he examined the plaintiff on March 22, 1929; that while making the examination he dictated some notes to his nurse, which he referred to and read during his direct examination for the purpose of refreshing his recollection. On cross-examination counsel for the defendant asked the witness for his notes, examined them, and then turned them over to his associate who also examined them. Counsel for the defendant then questioned the witness generally with reference to the notes and to their subject matter. On redirect examination counsel for the plaintiff offered the notes in evidence; they were admitted subject to the defendant's exception, and marked exhibit sixteen. On the following morning counsel for the plaintiff began to read the notes to the jury, subject to the defendant's exception. In the notes so read appeared the following: "Saw Dr. Curran about six weeks after accident. Dr. Curran advised operation. No operation done. Examination by Dr. Curran for insurance people." After this portion of the notes was read counsel for the defendant interrupted and objected thereto. A conference then took place between counsel and the judge but not in the hearing of the jury, and counsel for the defendant asked the judge to declare a mistrial because it appeared that the defendant was insured. The trial judge denied this request subject to the defendant's exception.

Dr. John J. Curley, called as a witness by the plaintiff, testified that he treated the plaintiff on the night of the accident, and was her attending physician; that the last time he treated her professionally was November 15, 1926; that he had a history given him of the plaintiff's condition since he last saw her, and had heard Dr. Denning's notes read in court but did not hear him testify. He was duly qualified as an expert on his direct examination and was asked certain hypothetical questions by the plaintiff's

counsel premised upon information contained in the said notes of Dr. Denning. All this testimony was admitted subject to the defendant's exception. These questions related to the nature and extent of the plaintiff's injuries, and consequently had a material bearing upon the issue of damages.

At the close of the evidence counsel for the plaintiff moved that exhibit sixteen, which contained Dr. Denning's notes, be struck from the record, and that the jury be instructed "to eradicate from their consideration anything that has occurred during the trial, either in the reading of the notes or the notes themselves, from their consideration." He stated: "The reason I do it is because there is an exception based upon the introduction of these notes, and because I think they are already in anyway." The judge allowed the motion and then said to the jury, "you are to strike from your minds and eliminate from your consideration that exhibit if in fact you have any recollection of what was in it, it is no longer a part of the case. I will have something further to say about it in the charge." In the charge the judge referred to Dr. Denning's notes (which were upon three cards marked exhibit sixteen) as follows: "They were admitted at the time when later offered by counsel for the plaintiff. They have later been excluded upon his own motion and that exhibit has been removed from the case and you are to remove from your minds any facts which may have come to you through the reading by counsel for the plaintiff of those records or those notes upon their admission as an exhibit."

Dr. Denning while testifying could properly consult his notes for the purpose of refreshing his recollection, but neither he nor the plaintiff's counsel should have been permitted to read them to the jury. The fact that counsel for the defendant called for them and used them during the cross-examination did not thereby make them competent as evidence. *Commonwealth* v. *Jeffs*, 132 Mass. 5, 7. *Capodilupo* v. *F. W. Stock & Sons*, 237 Mass. 550. *Commonwealth* v. *Ponzi*, 256 Mass. 159, 161, 162.

If the error was cured so far as the reading of the notes

to the jury was concerned by reason of the instructions of the judge to disregard them, it was prejudicial error to permit Dr. Curley, in his direct examination, in answer to hypothetical questions to express an opinion as to the plaintiff's condition based in part upon notes made by Dr. Denning. One of the questions which this witness was permitted to answer subject to the exception of the defendant was as follows: "My question is, — that being the situation, has Miss McKenna on the assumed set of facts that we have got in this case, the testimony of Dr. Denning as it was read from his notes, as you heard it read here today, and the picture that you had when you knew about the case, is there anything in this case that in any way reflects a diseased condition which would account for the picture on the lower part of that sketch there on the blackboard apart from an accident?" The admission of this question and the answer thereto was plainly erroneous. "The admission of incompetent evidence is no ground for a new trial if before the case is given to the jury they are instructed to disregard it, and if there is no reason to apprehend that it finally did prejudice their minds. It will be presumed that they followed the instructions given to them and did not allow their minds to be affected by the evidence which had been withdrawn from their consideration. . . . But this rule is not to be applied if it appears that real damage has been done to the excepting party or that the incompetent evidence was not sufficiently withdrawn from possible consideration by the jury." *Allen* v. *Boston Elevated Railway*, 212 Mass. 191, 194. *Commonwealth* v. *Barney*, 258 Mass. 609, 610. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 405. This testimony of Dr. Curley, although objected to by the defendant, was not excluded by the judge, nor referred to by him when the motion to strike out exhibit sixteen was allowed or in the charge or at any other time during the trial. As it was plainly incompetent and highly prejudicial to the defendant, the exception to its admission must be sustained.

Other exceptions saved by the defendant need not be considered.

*Exceptions sustained.*