MARY P. CLARK *vs.* EDWIN C. BARRINGER.

Suffolk.   November 5, 1930. — November 8, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Report; Appeal.   *Evidence,* Competency, Physician's report.

A judge of the Superior Court cannot be compelled to report to this court an action tried before him.

An action tried in the Superior Court cannot properly be brought to this court by an appeal from the denial by a judge of the Superior Court of a motion that he report the action to this court.

It *was stated* that a report of a physician is not admissible when offered in evidence in behalf of the plaintiff at the trial of an action of tort for personal injuries.

TORT against an attorney at law for negligence in conducting litigation in behalf of the plaintiff.   Writ dated October 3, 1928.

In the Superior Court, the plaintiff was allowed to amend her writ by adding the word "contract," and to file a substitute declaration containing a count in contract and a count in tort.   Thereafter the plaintiff waived the count in tort.   The action was referred to an auditor.   Upon the filing of his report, a motion by the plaintiff to recommit was denied by *Bishop,* J.   The action thereafter was tried before *Whiting,* J.   There was a verdict for the defendant. The plaintiff then filed a motion that the action be reported to this court, substantially on the ground that, through no fault of the plaintiff, exceptions saved by her at the trial were not filed within the statutory time.   The motion was denied by *Weed,* J.   The plaintiff appealed from the denial.

*M. P. Clark, pro se.*

*W. A. Fotch & E. C. Barringer,* for the defendant, submitted a brief.

RUGG, C.J.   This is an action at law brought and tried in the Superior Court.   The cause of action is based on the

contention that the defendant, an attorney at law, employed by the plaintiff as counsel to conduct for her an action in which she was plaintiff against the Boston Elevated Railway Company, failed to exercise proper skill, care and diligence in the conduct of that litigation, whereby the plaintiff was damaged. The present case was referred to an auditor. His findings were adverse to the plaintiff. The plaintiff filed what are termed "objections to auditor's rulings." With a single exception presently to be noted, these objections are to findings of fact made by the auditor and not to rulings of law. The plaintiff also filed a motion to recommit the case to the auditor. That was denied. The case was then tried to a jury. The verdict was for the defendant. Thereafter the plaintiff filed a motion to report the case to the Supreme Judicial Court. That was denied. Thereupon the plaintiff appealed from the denial of her motion to report.

Whether a judge of the Superior Court shall report to this court a case tried to a jury rests within his sound judicial discretion. While a judge has large discretionary power to report a case where justice requires, he cannot be compelled to make such report. The complete remedy given to parties for the correction of errors of law alleged to have occurred at a jury trial is by a bill of exceptions. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 461. *Brown* v. *Grow,* 249 Mass. 495. There is nothing on this record to indicate an abuse of discretion in denying the motion to report this case. No provision is made for an appeal from a denial of such a motion as this. G. L. c. 231, § 96, as amended by St. 1928, c. 306, § 2. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. Therefore the case is not rightly here.

It may not be inappropriate to add that a careful examination of the record and of the brief filed by the plaintiff fails to disclose any error of law. Whether the case should have been recommitted to the auditor was a matter of judicial discretion. *Tobin* v. *Kells,* 207 Mass. 304, 309, 310. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 397. The single point of law

set forth in the plaintiff's "objections to auditor's rulings" was that a report of a physician would not have been admissible in evidence if offered on behalf of the plaintiff at the trial of her action against the Boston Elevated Railway Company. That ruling was right. *McKenna* v. *Fielding*, 272 Mass. 341. Those objections touching findings of fact show no error.

*Appeal dismissed.*