EAST HAMPTON BANK & TRUST COMPANY *vs.* JOHN L. COLLINS.

Middlesex.   May 15, 1934. — June 27, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Bills and Notes*, Payment. *Payment. Agency*, Existence of relation.

At the hearing of an action upon a bill of exchange payable to the plaintiff and drawn by a third person upon and accepted by the defendant, it appeared that before maturity the defendant had paid the amount of the bill to the drawer without getting possession thereof, and the only question was whether the drawer had authority so to receive payment as agent of the plaintiff. There was no evidence of express authority given by the plaintiff to the drawer. There was evidence that on many occasions previously the drawer had obtained from the defendant, and forwarded to the plaintiff in payment of earlier bills drawn in the same manner, partial payments in cash together with "renewal" bills for the unpaid balances; that the bill on which the action was brought was a "renewal" bill so obtained; and that when certain earlier bills had become due, the plaintiff had notified the defendant to "take this up" with the drawer. *Held*, that

(1) The evidence did not warrant a finding that the plaintiff authorized the drawer, or held him out as authorized, to receive payment of bills of exchange generally;

(2) The defendant had not sustained the burden, which rested upon him, of proving that he had paid the bill in suit;

(3) A finding for the plaintiff was required as a matter of law.

CONTRACT. Writ in the Fourth District Court of Eastern Middlesex dated July 25, 1932.

The action was heard in the District Court by *Morton,* J. Material evidence is stated in the opinion. The plaintiff requested, and the judge refused, a ruling that the evidence did "not warrant a finding that the drafts have been paid." There was a finding for the defendant. Upon a report to the Appellate Division for the Northern District, it was decided that there was prejudicial error in the refusal of such ruling, the finding for the defendant was ordered vacated, and judgment for the plaintiff was ordered entered. The defendant appealed.

*E. C. Mower,* (*W. F. Coles* with him,) for the defendant.

*K. B. Bond,* for the plaintiff.

LUMMUS, J. The plaintiff brings this action of contract upon four bills of exchange drawn to its order by Fred L. Cressey and accepted by the defendant. Three of the four were made payable at the Woburn National Bank. The bills were drawn for part of the purchase price of hay bought by the defendant from Cressey. The defence was, that before the maturity of these bills the defendant paid the amount of them to Cressey, who failed to turn the money over to the plaintiff. The trial judge sustained this defence, and found for the defendant.

The plaintiff having failed to mail to the defendant's attorney, as required by Rule 28 of the District Courts (1932), a copy of the draft report provided for by that rule, which report in the district courts is the means by which the trial judge can be compelled to present the case for review to the Appellate Division (G. L. [Ter. Ed.] c. 231, § 108; *Cutter v. Arlington Construction Co.* 268 Mass. 88, 91), the trial judge exercised his power, under that part of G. L. (Ter. Ed.) c. 231, § 108, which was inserted by St. 1931, c. 325, and St. 1931, c. 426, § 116, to make a voluntary report of the case to the Appellate Division. *Chertok* v. *Dix,* 222 Mass. 226, 228. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 463. Such a voluntary report resembles the voluntary report, under G. L. (Ter. Ed.) c. 231, § 111, from the Superior Court and other courts to this court. See *Krock* v. *Consolidated Mines & Power Co. Ltd.* 286 Mass. 177; *Clark* v. *Barringer,* 273 Mass. 107.

The Appellate Division held that there was error of law in the refusal of a requested ruling that there was no sufficient evidence of payment, and ordered judgment for the plaintiff. The defendant appealed to this court.

The only question is, whether there was evidence that Cressey was the agent of the plaintiff to receive payment of these bills of exchange, before maturity and without surrender, production or possession of the bills. Both the defendant and Cressey were liable to the plaintiff on these and earlier bills of exchange, and that fact is important in considering what inferences are to be drawn from what Cressey was permitted to do. There was no evidence of express authority to Cressey to do anything with respect to these particular bills of exchange on which this action is brought. In a number of instances, when earlier bills of exchange became due, the plaintiff had notified the defendant in substance to "take this up" with Cressey. This falls short of authorizing Cressey to receive payment, rather than to discuss payment and provide means of payment of money which both the defendant and Cressey owed to the plaintiff. Besides, a special authority to receive payment of particular bills of exchange, referred to in the notices, would not constitute a holding out of Cressey as an agent to receive payment of bills of exchange generally. *Shaw* v. *Hall*, 134 Mass. 103, 104, 105. *Burnham* v. *Wilson*, 207 Mass. 378, 380. *Wheeler* v. *Guild*, 20 Pick. 545. *Bacon* v. *Pomeroy*, 118 Mich. 145. *Budd* v. *Broen*, 75 Minn. 316. There was no such sustained course of dealing, without special authority in particular cases, as has been held sufficient evidence of authority to receive payment. *Doyle* v. *Corey*, 170 Mass. 337. *Springfield National Bank* v. *Jeffers*, 266 Mass. 248. *Dobbs* v. *Zink*, 290 Penn. St. 243. Am. Law Inst. Restatement: Agency, § 43.

The evidence that "On many occasions Cressey had obtained partial payments from the defendant together with so called 'renewal drafts' for the unpaid balances and forwarded them to the [plaintiff] bank" in payment of earlier bills of exchange, and that the bills of exchange on which this action is brought are renewal drafts obtained in this

way, is not evidence of a general authority to receive payment of bills of exchange. It does not indicate that in so doing Cressey was acting as agent for the plaintiff rather than for the defendant and himself.

We agree with the Appellate Division that the evidence is not sufficient to sustain the burden of proof of payment, which is on the defendant. *Springfield National Bank* v. *Jeffers*, 266 Mass. 248, 252, 253.

*Order of Appellate Division that judgment be entered for the plaintiff affirmed.*