Pettingell, J.
The plaintiff has filed a motion to dismiss the defendant’s “Request for a Report”. What the plaintiff seeks, as we understand it, is to have the defendant’s claim of report disallowed because his request for a report does not comply with Rule XXVII of the District Court Rules (1932 E!d.). The deficiency specified in the motion is that the defendant’s request for a report does not include “a clear and concise statement of the rulings upon which rehearing is requested sufficiently, full and accurate for identification.”
The history of the case, as shown by the docket entries and the pleadings, is that, at the trial, the defendant filed eighteen requests for rulings all of which were allowed except the sixth, thirteenth and eighteenth. The defendant then filed seasonably a request for a report, in which it states that “it filed certain requests for findings of fact and rulings of law * * * * eighteen in number, and that the court allowed all of the said eighteen requests with the exception of numbers six, thirteen and eighteen.
*22 After the general statement that the defendant claims to be aggrieved “by all of said rulings and findings of fact and the finding for the plaintiff upon said rulings of law”, and a request that the case be reported to the Appellate Division, the request for a report sets out verbatim two requests which were allowed and one request which was denied.
The plaintiff contends that the description of the requests in the first part of the request for a report, as “certain requests”, without further identification, is a fatal error which nothing that follows can cure; he places his reliance upon such cases as Stafford v. Commonwealth Co., 263 Mass. 240, at 242; Rollins v. Perry, 284 Mass. 488, at 489; Almeida v. Alsdorf, 291 Mass. 115, at 116. Undoubtedly, if this were a motion to dismiss a petition to establish a report, the principle underlying and controlling the cases cited would govern here and the plaintiff might prevail.
In this case, however, a report has actually been made by the trial judge. Under G. L. (Ter. Ed.) C. 231, §108, a trial judge has a right to report a case of his own volition. See East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, at 219. Such a report does not depend upon the existence of a valid “request for a report”. It may be made, where the appellant has failed to perfect an appeal, for the express purpose of giving him opportunity to carry up some meritorious question of law. Reed v. Home Savings Bank, 130 Mass. 443, at 444; Strong v. Carver Cotton Gin Co., 202 Mass. 209, at 212; Lee v. Blodgett, 214 Mass. 374, at 378; Chertok v. Dix, 222 Mass. 226, at 228; Leland v. United Commercial Travellers of America, 233 Mass. 558, at 560, 561; Jordan Marsh Co. v. Cohen, 242 Mass. 245, at 250; Everett-Morgan Co. v. Boyajian Pharmacy, 244 Mass. 460, at 463; Brown v. Grow, 249 Mass. 495, at 499; Hall v. College of Physicians & Surgeons, 245 Mass. 95, at 97; East Hampton Bank & Trust Co. v, Collins, 287 Mass. 218, at 219.
*23 There does not seem to be any requirement that the trial judge shall state that he is reporting the case under the statute.
“After the judge had filed his findings the plaintiff filed a report, which, however, did not ‘contain a clear and concise statement of the rulings upon which a rehearing is requested sufficiently full and accurate for identification’ as required by the rule. The plaintiff was not entitled as of right to a report. Almeida v. Alsdorf, Mass. Adv. Sh. (1935) 1481. We think, however, that the report is to be considered as one filed by the judge of his own volition G. L. (Ter. Ed.) C. 231, §108; East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, and as presenting the question whether the judge was justified in finding for the defendant Cross. ’ ’ La Caisse Populaire Credit Union v. Cross, Mass. Adv. Sh. (1936) 201, at 202. See also Ashton Valve Co. v. Jean, 273 Mass. 360, at 361, 362; Zani v. Phandor Co., 281 Mass. 139, at 143, 144.
In our opinion the instant case should be reviewed in the same manner, and the report signed by the trial judge should be regarded as the basis of the defendant’s appeal. The issues presented to the Appellant Division are those reported by the trial judge, not those raised by the request for a report which is no longer a material factor as it is not a prerequisite to such a report. To dismiss the request for a report under these circumstances would be an idle gesture, confusing the record.
The motion is to be denied.