Zottoli, J.
This is an action of contract to recover for the alleged breach of an agreement to sell 21,600 pounds of Chilean lentils at $4.35 per 100 pounds, C. I. P. Boston, terms, net cash, sight draft after passing the U. S. Department of Agriculture. The agreement was entered into September 19, 1938, and the goods arrived in Boston, September 28, 1939. The evidence reported further shows that— “free dock charges for storage on the goods expired October 5, 1938, and that on October 6, 1938 dock charges for *40 storage commenced; that on October 5, 1938, a bag was delivered for government inspection, and that on October 8 the goods were subject to dock charges for storage for the period beginning October 6”; — that the goods were passed by the U. ¡3. Department of Agriculture October 8;— that as soon as he — (the defendant’s agent) was informed— that the goods were passed, he notified plaintiff; — that the goods were passed by the United States Department of Agriculture and requested payment of the draft and all charges including dock charges for storage amounting to $3.50 for the period beginning October 6 to October 8; that the plaintiff offered to pay the draft and all charges including broker’s charges but refused to pay said amount for the period beginning October 6 to- October 8, which amount of $3.50 plaintiff insisted should be deducted from the total demanded.
The report contains a further statement that — “no question as to the plaintiff’s ability and willingness to accept and pay for the goods is involved, except that plaintiff was not willing to pay said amount of $3.50 for dock charges for storage, and no question is raised as to the quality or quantity of the merchandise, the sole issue in this case being upon whom was the obligation to pay said dock charges for storage amounting to $3.50.”
At the conclusion of the evidence the plaintiff filed eleven requests for rulings. A number of these refer to issues not now material as the plaintiff in its brief concedes that the “sole issue” on the merits of the case- — “is upon whom was the obligation to pay the dock charges for storage amounting to $3.50”, and that — “if plaintiff was obliged to pay said storage charges, then it has no standing in this ease”. Under these circumstances it is obvious that all other matters pertaining to- the merits of the ease are waived. Guinan v, Famous Players-Lasky Corp., 267 Mass, *41 501, 519, 523. Furthermore, it may be useful to point out that as there is no dispute as to vital facts in the case, the ultimate question presented to the trial judge was one of law rather than fact. If on the agreed facts the conclusion reached by the court was right, it is of no real consequence whether the court did or did not follow the legal trail ordinarily prescribed for the just conclusion. Means v. Cotton, 225 Mass. 313, 318, White v. Slattery Company, 236 Mass. 36, cf. Randall v. Peerless Motor Car Co., 213 Mass. 352, 384. It follows from what has been said that what, if anything, is before us for consideration is whether the court erred in its ultimate action.
But, before we reach that issue we are met with a serious question of practice which must be disposed of.
We find attached to the report the following memorandum signed by the judge who heard the case: ‘ ‘ The plaintiff filed no request for report but in accordance with Chapter 255, Acts of 1933, apparently in due season, filed a draft report. In this draft plaintiff set forth its alleged grievances in the following form: ‘Plaintiff claiming to be aggrieved by the aforesaid findings, rulings, refusals to rule, and each of them, I hereby report the same to the Appellate Division for determination.’ In fact, the court gave some of plaintiff’s requests and refused others.
“The court having refused to make report as contained in the original draft for reasons endorsed on the back of said draft, and having given the plaintiff further time to file proper report, within the time limited plaintiff filed a second draft which contained the same allegation of grievances. The court then called the matter to the attention of counsel for the plaintiff and suggested that the defendant might take advantage of the situation. The court pointed out that there were decisions on the subject and asked coun *42 sel for the plaintiff to state his alleged grievances in accordance with them; namely, that he omit his reference to findings of fact and state that he was aggrieved by the court’s refusal to give its requests 4 to 11 inclusive. The court also requested certain changes in the statement of the evidence. The final and present draft of report was thereafter filed and in it the plaintiff states his alleged grievances as follows: ‘ The plaintiff claiming to be aggrieved by the rulings and refusals to rule as requested, and each of them, and more particularly plaintiff’s requests for rulings, Nos. 4 to 11, both inclusive, and each of them, I hereby report the same to the Appellate Division for determination.’
“If, in view of the decision of Rollins v. Perry, 284 Mass. 488 and the decision of the Appellate Division of this court in Ward v. Tholander, No. 25913 the plaintiff has the right to be heard on my disposition of its requested rulings, 4 to 11, both inclusive, and I have the power so to do. I report the same to the Appellate Division for determination.”
It is obvious from this memorandum that the judge who heard the case does not of his own motion intend to report his action on rulings 4 to 11. In the final analysis he reports his action on these requests only if he has the power to do so and then only “If — the plaintiff has the right to be heard”.
That the court had “the power” to report the matter in issue is clear. All parties agree that “the sole issue in the case is as is stated by the plaintiff in its brief, upon whom was the obligation to pay the dock charges for storage amounting to $3.50”. The plaintiff in its brief and in its argument before this division concedes that “if the plaintiff was obliged to pay said storage charges then it *43 has no standing in this case”. There appears to be no dispute about the essential facts which underlie that issue. The report shows that the parties are in accord as to the terms of the written agreement. Under these circumstances a simple question of law was presented which involved the construction of the terms of the written agreement. St. 1931, Ch. 325, §1 (now Gen. Laws (Ter. Ed.) Ch. 231, §108) gives a judge the right to report “any case in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only”. The authority thus granted may be exercised at a court’s discretion. No time limit in which to function is set. cf. Leland v. United Com. Travelers of America, 233 Mass. 558, 560. And see East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, where the judge reported a case under this statute though the party otherwise might have lost his right to a report. But the plaintiff’s right to a report involves other considerations.
While a judge may make a voluntary report of a case under the limitations set forth in Ch. 325, §1 of the Acts of 1931, he cannot be compelled to do so. To have a right to a report a party must comply with the statutes and rules of court which govern the matter.
In other words, a trial judge can be compelled to present a matter for review to the Appellate Division only when governing statutes and rules of court which have the force of statutes are complied with. cf. East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, supra. There is a duty on a party seeking a report to file a proper draft report. If the draft report submitted by a party to the court for approval is adequate, and the court refuses to adopt it, the aggrieved party should proceed, to establish his draft report if he desires to have his alleged grievances consid *44 ered by the Appellate Division. If the draft report does not meet the requirements relating thereto the trial judge may dismiss the claim of report. The only course then open to the aggrieved party seeking a review is by petition to establish the draft report filed by him.
See Bule 30 of the Buies of the Municipal Court, (1932). It is obvious that the procedure provided by our statutes and rules has not been followed, and therefore the case is not properly before us. cf. Spinale v. Borenstein, No. 196477 of 1930, Municipal Court of the City of Boston. Furthermore, it may be useful to again point out that it has been held by this court, with reference to reports which come before the Appellate Division, that “the duty rested upon the trial judge to himself report rulings of law, and all facts which might furnish the basis of or have a bearing upon said rulings, and this duty was not diminished :by rules of this court requiring counsel to aid in a tentative draft of such report.” And that “it follows that the report in its final form should contain no statement to which the judge is unwilling to subscribe”. Spear, Adm., v. Coggan, No. 145331 of 1912 Municipal Court of the City of Boston, cf. Locke v. Falveg, No. 24950 Municipal Court of the City of Boston. It has been well said that “a report ought to- state with conciseness and clarity the points of law actually raised with sufficient evidence to enable the appellate court to decide with understanding whether the substantial rights of the parties have been injuriously affected in the light of the issues and the course of the trial. It ought not to be encumbered and obscured by immaterial and unnecessary matter”. Dillon v. Framingham, 288 Mass. 511, 513. An inspection of the report in the case at bar shows that it is too extended in form and has an un *45 reasonable amount of immaterial and unnecessary matter. Bearing in mind that the only matter open to review at the time the draft report was drawn was the position the court had taken as to the interpretation of the terms of the agreement which were related to a single issue, it seems clear that all matter not involved in that issue was out of place, tended to confuse the real issue and, therefore, did not belong in a properly drawn report. The situation presented at the time the draft report was filed shows that there was no need of incorporating in the report requests and rulings concerning arbitration, which admittedly was then no longer an issue in the case. Nor was there any necessity of encumbering the draft report with matters relating to title to the merchandise; a matter which then at best was moot and immaterial to the single issue to be reviewed. Nor was there any need of setting out matter relating to the effect of the pleas in abatement and in bar which had been disposed of by another judge and which obviously were not under review when the draft reports were filed. Furthermore, since the essential facts were agreed upon and only a single issue was involved, it would have been an easy matter to have set up a report in the nature of a case stated, where requests for rulings would have become quite immaterial, cf. D’Olimpio v. Jancaterino, Mass. Adv. Sh. (1939) 1637, 1639. Moreover, the plaintiff’s draft reports offended Buie 28 (1932) of this court (which requires a “clear and concise statement of the ruling upon which a rehearing is requested sufficiently full and accurate for identification”) at least insofar as relates to the plaintiff’s alleged “operative” rulings made by the trial judge. Holton et als. v. American Pastry Products Corp., 274 Mass. 268, 271, Duralith Corp. v. Leonard, 274 Mass. 397, 400, Stafford v. Commonwealth Co., 263 Mass. 240, 242, Rollins v. Perry, 284 Mass. 488, 489, Al *46 meida v. Alsdorf, 291 Mass. 115, Of. Donahue v. Gillen et al., No. 88262 Municipal Court of the City of Boston. And in addition to all this it is quite clear that the request in the original draft report that “findings” he reviewed was out of place. Dillon v. Town of Framingham, 288 Mass. 511.
Under these circumstances even if a petition to establish the draft report had been filed it would have availed the plaintiff nothing. The conclusion we have reached requires that the report be discharged.
However, it may be useful to point out, in passing, that even if we had the power to review the merits of the case under the circumstances here presented; as to which see Noyes v. Noyes, 224 Mass. 125, 134, Paige v. Sinclair, 237 Mass. 482, Mantho v. Nelson, 285 Mass. 156; we do not believe this is a case that calls for the exercise of such a power, for we feel that a just conclusion has been reached by the trial justice. We think it is plain under the terms of the agreement entered into between the parties that the duty of paying for the storage in question was on the plaintiff. The.plaintiff concedes that it had the obligation of paying whatever duties might be owed the Federal Q-overnment for entering the merchandise into this country; and for the cost of cartage from the freight terminal to such .place as the plaintiff might have desired delivery. The plaintiff further concedes, and we think rightly so, that the contract of carriage does not ordinarily include the storage of goods upon arrival at destination. It is well established that a “common carrier becomes a warehouseman, as matter of law, when it has completed the duty of transportation and assumed the position of warehouseman as matter of fact and according to the usages and necessities of the business in which it is engaged”. Rice v. Hart, *47 118 Mass. 201. In the case at bar the contract price was fixed by the “C. I. F.” provision of the contract. The parties agree that “C. I. F.” means “Cost of merchandise, insurance, freight”. In other language, it means that the seller is entitled to receive the price agreed upon, and is to bear the cost of insurance and freight. Under these circumstances, there was no error in the trial court’s ultimate conclusion that the defendant did not undertake to pay “dock charges” not a part of the freightage. Report discharged.