Zottoli, J.
This is an action of contract to recover for ■ the alleged breach of a contract of carriage. The plaintiffs declaration in substance alleges “that the defendant, a common carrier of merchandise, received certain packages in New York on or about November 8, 1941, which *457 included a color camera belonging to the plaintiff; that the defendant agreed to deliver the packages to the plaintiff at Boston, in this commonwealth; that,,the property was wholly sound and in good condition when received by the defendant, but was broken and damaged through the fault of the defendant, its servants or agents, while in the care and custody of the defendant before delivery to the plaintiff in Boston.”
The defendant’s answer is a general denial. At the trial there was considerable testimony bearing on the issues raised by the pleadings.
At the conclusion of the testimony the plaintiff duly presented the following requests for rulings:
1. The defendant is and was at the times material to this action a common carrier. *Yes.
2. The evidence will not support a finding other than that the defendant received the packages in question, one of which contained the camera, in New York City, and agreed to deliver it to the Boston Offset Company, 152 'Purchase Street, Boston, Massachusetts. Yes.
3. The evidence will not support a finding other than that the case containing the camera was marked “Fragile”. I find it mas so marked.
4. The evidence will not support a finding other than that the camera was properly packed for shipment. No. There is no evidence to the effect that at time of delivery to defendant camera was in perfect shape.
5. As a common carrier, the defendant was liable for the failure to transport safely the camera entrusted to its care unless it was damaged from a cause excepted from the rule as to liability of common carriers by law or by a provision of the shipping receipt. See 4.
6. If the plaintiff shows that the camera was delivered to the carrier in good condition and then was delivered by the defendant to the consignee in bad *458 condition, the plaintiff has made out a prima facie case, and unless there is evidence to rebut it and relieve the carrier from liability, the plaintiff is ■ entitled to recover. Yes — as a proposition of lam, 1 do not find from the evidence that the camera was in perfect shape at time of delivery to defendant. The only evidence in case was that camera was packed tight.
7. Liability of the defendant as a common carrier is practically that of an insurer. Yes.
8. Under the circumstances of this case, the plaintiff is not bound by the declared value of $700.00: Yes.
9. The defendant is responsible for damages except such as result from an act of God or a public enemy or from the act or default of the owner, unless the liability is limited or restrained by contract. Yes, provided that damage occurred while goods m custody of defendant.
10. Under the terms and conditions of the shipping receipt the defendant is liable in any event if the damage was due in whole or in part to its own negligence or that of its agents. See 9.
11. The burden is on the defendant to prove that the loss happened from some cause not attributable in whole or in part to the defendant’s disregard of the plaintiff’s direction, namely, to handle the packages carefully because they were fragile. See 9.
12. The defendant was required to deliver the camera to the plaintiff and was bound to unload the- camera with due care and put it in the place where it would be reasonably safe and free from injury. See 9.
13. The evidence will warrant the finding that the defendant was negligent in handling the box containing the camera. Yes, but the evidence will not warremt a finding that damage occurred while camera in defendant’s custody.
14. The evidence will not support a finding other than, that the defendant was negligent in its handling of the case containing the camera. No. See 13.
15. The measure of damages is the difference between the value of the camera at the time and place of delivery in an uninjured condition and the value-in the damaged condition in which it was delivered» Immaterial in view of finding..
*459 16. If there is no market value for the camera as damaged, but if there was a market value for it undamaged, the measure of damages is the difference between the market value of the camera undamaged and any salvage or junk value of it after it has been damaged. See 15.
17. If the camera has no' market value, the measure of damages is the actual value or loss to the plaintiff. See 15.
Examination of the docket entries, of which we take judicial notice; Curley v. Boston, Mass. Adv. sh. (1942) 1205; discloses that after the finding for the defendant the plaintiff filed a draft report on July 31, 1942; and that on October 31, 1942, the following entry was made: “ The cause proceeds on the finding under Rule 30.” The plaintiff having lost his right of review, the case became ripe for judgment on October 31, 1942. Judgment ordinarily would have been entered on the following Friday, November 6, 1942. On November 4, 1942, on motion of the plaintiff, the trial judge allowed and filed the report now under review. The judge presents the matter for review in the following language: “The court on motion of the plaintiff having considered the findings of fact as made and the rulings of law thereon, all contained in this report, and it appearing that there is a serious question as to the propriety of said rulings, I report the same to the Appellate Division for its determination.”
The defendant has challenged the power of the trial judge to make the report in question, on grounds we find are not tenable, as we feel that the court has power, in a proper case, to make a voluntary report at any time before judgment.
The question presented is more fundamental than that argued by the defendant. Apart from the provision relating to a report of an interlocutory finding or order, chap. 325 of the Acts of 1931; now G. L. (Ter. Ed.) ch. *460 231, s. 108, provides only two methods by which a report may be presented to the Appellate Division. The first is by request of “any party to a cause — aggrieved by any ruling on a matter of law by a single justice’’ — when the prescribed steps to that end have been properly taken. Obviously, the report in question is not such a report. The second method prescribed by the statute is by voluntary report of the single justice by virtue of the following clause of the said Act: — “A single justice may, after decision thereon, report for determination of the Appellate Division any case in which there is an agreed statement of facts or a finding of the facts, or any other case involving questions of law only.” This does not authorize a single justice to report rulings of the nature set out in the report herein involved. It is apparent from the report that the justice is not reporting “a case”, but rather is attempting to report, as stated by the single justice, “the propriety of rulings”. This is beyond the power conferred by the statute. The question presented is not novel to this division. A similar question was presented in the case of Finkelstein v. Equitable Life Assurance Society, 1 Mass. App. Div. Rep. 146, where the subject-matter was treated by Bolster, C. J. in the following manner: “Under the earlier statutes, it has been held here repeatedly that there was no such thing as a report of ‘a case’, but only of particular rulings of law made or refused, cf. Reid v. Doherty, 273 Mass. 388. Duggan v. Matthew Cummings Co., 277 Mass. 445.
“On the other hand, there is under the statute of 1931 a discretionary power, which we have held persists till judgment, within a restricted field to report ‘a case’. Whether a report is of one sort or the other is determined by the report itself. If the judge reports a ‘ruling’, as he- did in Klock v. Cons. Mines & Power Co., 286 Mass. 177, he is not reporting ‘a case’. If he reports ‘a case’,, as *461 was done in terms in East Hampton Bank S Trust Co. v. Collins, 287 Mass. 218, and La Caisse &c. Union v. Cross, 293 Mass. 190, then he is reporting under the statute of 1931, for nowhere else is he given power to take such action, and a primary question is whether that statute empowers him to report the kind of ‘a case’ which he has assumed to report. There is no occasion for any court of review to speculate as to the source of authority for the report, for the report itself settles that question.
“It is important to keep the distinction stated un-blurred, because the statute of 1931, which followed the recommendation in the seventh report of the Judicial Council, embraces only a restricted class of cases. In that respect it differs from the ordinary practice under Gen. Laws (Ter. Ed.), Ch. 231, sec. 108, where a litigant may ‘as of right’ have ‘any ruling’ reported, provided he takes the steps necessary to preserve that right. The statute of 1931 contemplates a case already reduced to its lowest terms, either by an agreed statement of facts, or, as an equivalent, not a general finding for one party or the other, but a finding of the facts or any other case involving a question of law only. The last phrase is designed to cover such matters as demurrers, motions to dismiss, statutory construction and the like. It will not serve as an escape from the obviously restrictive words of this statute to say that the appellant’s argument is addressed only to a question of law, even though it be no more than a ruling on evidence or whether the evidence ‘warranted’ a finding. Nothing but questions of law ever go up, on the law side, under any review through report. If such matters as attack the findings can go up under the statute, everything presenting a legal question can go up, and the restrictive terms of the statute mean nothing. What the statute covers are cases intrinsically devoid of any fac *462 tuai element, or cases in which that element has been eliminated, either by agreement or by a finding of ‘the facts’, which stands. If parties wish to raise the question whether ‘the facts’ were rightly or warrantably found, it should be done by the ordinary procedure. The statute of 1931 is addressed to a case prepared for final order, not a case which may result only in an order for retrial of issues of fact.
“It follows from what has been said that this report of ‘rulings’ is not rightly here. cf. Hack v. Nason, 190 Mass. 346. Gora v. Met. Ice Cream Co., 259 Mass. 463, Buchannan v. Meisner, 279 Mass. 457.” And see Segal v. Lewis, Boston Municipal Court, 42 App. Div. 190.
The plaintiff has cited the cases of East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218; La Caisse Populaire Credit Union v. Cross, 293 Mass. 190, and Tighe v. Skillings, 297 Mass. 504, as authority for the proposition that a single justice has power to report “rulings” rather than “a case”. We feel that the cases cited do not so hold. The report in the case of East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, shows that it is in terms under the St. 1931 ch. 325.
In the case of La Caisse Populaire Credit Union v. Cross, 293 Mass. 190 the facts were not in dispute, and the fundamental question was one of construction. Though it does not appear that “a case” was in terms reported; it sufficiently appears that “a case” was in fact reported.
In the case of Tighe v. Skillings, 297 Mass. 504, the court at page 507 pointed out it did “not pause to discuss whether, under a report of” — '(the nature in question)— “by a trial judge of his own volition, questions of evidence may be reported. Commonly, interlocutory and subsidiary matters may not be so reported.” But it does appear that a “vital point” was involved, and that a final *463 decision for the plaintiff or the defendant could be made on the facts reported. In other words, a question of law was presented which was determinative of the case. Under these circumstances a case, in fact, was presented involving only a crucial question of law.
From what has been said we are constrained to hold this report is one the single justice had no power to make. The order therefore is
Report Discharged.

 The trial court’s rulings and findings on each of plaintiff’s requests are printed in italics following the request.