*Municipal Court of the City of Boston*

No. 172091

## DISTRIBUTOR CORPORATION OF NEW ENGLAND

v.

## JOSEPH W. PRAUGHT ET AL, TRUSTEES OF J. W. PRAUGHT COMPANY

Argued: Oct. 25, 1968    Decided: Dec. 13, 1968

68

*Present*: Gillen, J. (Presiding) Morrissey, J., Brown, Sp., J.

Case tried before *Shamon, J.,* in the Municipal Court of the City of Boston.

*E. Brown, Sp. J.* This is an action of contract to recover $1,401.59 for merchandise sold and delivered to the defendants. The defendants filed a general denial and payment, and further answered claiming "a counterclaim for breach of the plaintiff's alleged contract due to the failure of the plaintiff to perform fully its obligations under said alleged contract," and that the subject matter of this action was an issue in the case of United States of America for the use and benefit of Joseph W. Praught and Joseph W. Praught, Jr., *Trustees of J. W. Praught Company* v. *Premier Contractors, Inc.,* and *United States Fidelity and Guaranty Company,* United States District Court for the District of Massachusetts, Civil Action, No. 65-451-W, in which action the plaintiff herein was an intervening plaintiff; that the subject matter of this suit was also the subject matter of an interpleader action in the same court by the

*United States Fidelity and Guaranty Company*
v. *J. W. Praught Company, Distributor Corporation of New England and others,* Civil Action No. 66-133-W; that, at the request of the plaintiff herein, the amount of the provable claim of the defendants against Premier Contractors, Inc. and United States Fidelity and Guaranty Company was reduced in the amount of $3,750.00, being the amount due the plaintiff; that the plaintiff thereupon obtained judgment in said amount against Premier Contractors, Inc.; that the plaintiff received a payment on account of said judgment from the funds deposited in court by the United States Fidelity and Guaranty Company; that the rights of the defendants were adversely affected by said judgment; that said judgment against Premier Contractors, Inc. constituted an election of remedies by the plaintiff and therefore the plaintiff cannot recover in this action.

The plaintiff claiming to be aggrieved, the case was reported to the Appellate Division for determination under G.L. c. 231, § 108 and under the authority of *East Hampton Bank & Trust Company* v. *Collins,* 287 Mass. 218.

The parties submitted the case on a statement of agreed facts as follows:

"Pursuant to a purchase order issued by the defendant, J. W. Praught Company, dated April 15, 1965, plaintiff, Distributor Corporation of New England, sold and delivered to the defendant certain air conditioning equipment

and supplies, having an agreed value of $3,-750.00, for use in the renovation of Building 3431, Otis Force Base, Falmouth, Massachusetts. The plaintiff and defendant are hereinafter referred to, respectively, as Distributor and Praught.

Praught subsequently installed the aforesaid equipment and supplies pursuant to its subcontract with Premier Contractors, Inc. Praught had substantially completed all work required under its subcontract when Premier, the General Contractor, became insolvent, without having fully paid Praught or other of its subcontractors on the project.

Since the project involved a contract with the U.S. Government, the prime contractor, Premier, had been required to furnish a payment bond for the protection of subcontractors and suppliers pursuant to the provisions of Title 40, Sections 270(a-e) of the United States Code, commonly known as The Miller Act. Accordingly, Praught instituted an action, as provided for by The Miller Act, in the Federal District Court for Massachusetts to recover payment for its subcontract work out of the surety bond which the prime contractor, Premier, had furnished.

Praught brought the action in the same name of the United States of America, for the use and benefit of itself, as required by the Miller Act. (Civil Action Docket No. 65-451-W). Named in this action as defendant were the

prime contractor, Premier and the surety company on the bond, The United States Fidelity and Guaranty Company, hereinafter referred to as U.S.F. & G. Praught sought, in that action, to recover the balance due on its subcontract from Premier ($12,500), which amount included the claim of Distributor and another one of Praught's suppliers on the job.

"Subsequently, Distributor and the other supplier to Praught, along with five other subcontractors or suppliers, intervened by Motion setting forth the amount of their respective claims (as provided for by United States Code, Title 40, Section 270b). Also, in open court at the hearing on the motions for summary judgment, Distributor, and the other suppliers through counsel, requested that their claims be separated from that of Praught and that they be allowed to have judgment entered in their favor against Premier. These motions were allowed, and the court accordingly reduced Praught's claim from $12,500 to $7,900. Judgment was then entered against Premier in favor of Praught for $7,900.00 with interest, and in favor of Distributor for $3,750.00, with interest. Subsequently, an Order of Disbursement was entered ordering pro rata payments to those obtaining judgments against Premier from the deposit of the U.S.F. & G.

"The U.S.F. & G., concurrent with the action of the claimants, had entered an action in the nature of interpleader, also in the Federal Dis-

trict Court (Docket No. 66-133 W), in which it deposited the proceeds of the bond with the court, joined as parties all the claimants and petitioned the court to order payment therefrom in accordance with their respective claims.

"As the total amount of claims was considerably in excess of the sum provided by the bond, the court ordered payment to be made to each of the claimants on a proportionately reduced basis. The amount received by Distributor as its reduced share was $2,581.95.

"Accordingly, Distributor, in bringing this action, seeks to recover the difference between the value of the equipment delivered to the defendant Praught, namely $3,750.00, and the proceeds it received from the prime contractor's bond under The Miller Act, namely $2,581.95.

However, the parties have agreed for the purpose of this action, that if a finding is made for the plaintiff, it should be in the amount of $900.00 without interest or costs. Similarly, should the defendant prevail, any judgment entered should be without costs.

The trial justice filed "Findings of Fact and Rulings of Law", the complete text of which follows:

### "FINDINGS OF FACT AND RULINGS OF LAW"

I find that the defendants being subcontractors with Premier Contractors, Inc., which had a contract with the United States Government,

availed themselves of the provision of Title 40, Sections 270 (a-e) of the United States Code, instituted suit in the name of the United States for the defendants against Premier Contractors, Inc. and the United States Fidelity and Guaranty Company for payment under the latter's bond.

I find that thereafter the plaintiff, Distributor Corporation of New England along with five other subcontractors and suppliers were permitted to intervene. In this context, the plaintiff, the defendants and the other intervenors set forth their claims against Premier Contractors, Inc. and the United States Fidelity and Guaranty Company, the latter paying into court the sum of $15,999.71 being the limit of its bond, which sum was ordered to be applied on a pro rata basis to pay the claims of the creditor plaintiffs totaling $23,237.86.

I find that the United States District Court ordered such pro rata distribution as set forth in "Exhibit I".

The amount ordered to be distributed to the plaintiff as its pro rata share was the sum of $2,581.95. In accepting this distribution as an intervenor in the United States District Court, the plaintiff did not foreclose its right to bring suit against the defendants for the balance due on its contract with them.

In accordance with the agreement of the parties, I find for the plaintiff in the sum of $900 without costs and interest.

The defendant contends that the plaintiff is barred from recovery in this action because of the plaintiff's intervention in the case of United States of America for the use and benefit of Joseph W. Praught, Jr., and Joseph W. Praught, Trustees of *J. W. Praught Company* v. *Premier Contractors, Inc.,* and United States Fidelity and Guaranty Company, United States District Court for the District of Massachusetts, Civil Action number 65-451-W, which was a case instituted by the defendant under The Miller Act, United States Code Annotated, Title 40, Section 270, for payment under bond as set out in the report. The defendant's contentions are twofold:

1.   That the subject matter of this action was in litigation, or could have been litigated, in the prior action in the United States District Court.

2.   That Distributor, in obtaining judgment against Premier, but not against Praught, in a prior action, has made an election of remedies which bars recovery against Praught in this action.

The defendant argues in support of its contentions that Federal Rules of Civil Procedure, Title 28, United States Code Judiciary and Judicial Procedure, Rule 13 precludes plaintiff from recovery in this action.

Rule 13, subdivision (b) and subdivision (g) provides as follows:

"(b)  PERMISSIVE    COUNTER   — ·CLAIMS.  A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim".

"(g)   CROSS - CLAIM AGAINST CO - PARTY.  A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.  Such Cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

The United States Supreme Court in the case of *Mercoid Corp.* v. *Mid-Continent Invest. Co.,* 320 U.S. 661, interpreting this rule said:

"In regard to permissive counterclaims, it has been held that the fact that a counterclaim which could have been asserted in a prior suit under Federal Rules of Civil Procedure 13 (b) is not so asserted does

not preclude assertion thereof in a subsequent action''.

The Court further held:

''Where second cause of action between parties is on different claim, prior judgment is *res judicata,* not as to issues which might have been tendered, but only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered''.

The *Mercoid Corp.* case *supra,* is determinative of the issues in this case and it follows that the plaintiff is not barred from prevailing in this action by the mere fact of its intervention in the *Praught* case where the defendant raised no issue against the plaintiff and where the decision in the *Praught* case was decided on different issues than at the case at bar.

See also United States for use and benefit of *Larkin* v. *Maryland Casualty Co.,* (J. Slotnik Co., Intervenor) 45 Fed. Supp. 286.

We follow the judge's findings and accordingly, there being no error, the report is ordered dismissed. **Report dismissed.**

RICHARD M. SIMONIAN of
  Boston for the plaintiff.
CHARLES P. BURGESS of
  Waltham for the defendant.