ANNA NAGLE *vs.* WILLIAM R. DRIVER, JR.

Suffolk.   March 5, 1926. — June 29, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Report, New trial.

A judge has no authority to report an action to this court for determination of the propriety of a ruling submitting the action to the jury if, following the recording of a verdict with leave reserved under G. L. c. 231, § 120, he has allowed a motion setting the verdict aside and has ordered a new trial on the grounds that the verdict was against the law and was against the evidence and was against the weight of the evidence; and, such report not being authorized, there is no room for the operation of G. L. c. 231, § 124.

TORT.   Writ dated May 8, 1922.

The action was tried in the Superior Court before *Lawton,* J.   Proceedings after verdict are described in the opinion.   The judge reported the action to this court for determination.

*A. J. Berkwitz,* for the plaintiff.

*K. C. Parker,* for the defendant, submitted a brief.

RUGG, C.J.   This is an action of tort for personal injuries. At the close of the evidence, the defendant made a motion for a directed verdict in his favor and excepted to its denial. Verdict was returned for the plaintiff.   The case comes before us on "report," wherein the judge states that, "Before recording the verdict I reserved leave with the assent of the jury to enter a verdict for the defendant if, upon the exceptions taken or the questions of law reserved, . . . the Supreme Judicial Court should decide that such verdict should have been ordered.   After the verdict, the defendant filed a motion for a new trial, alleging four grounds, as follows: 1. Said

verdict was against the law. 2. Said verdict was against the evidence. 3. Said verdict was against the weight of the evidence. 4. The damages awarded thereby were excessive. I granted the motion on the first three grounds alleged, set aside the verdict and ordered a new trial; but being of opinion that the correctness of my ruling submitting the case to the jury ought to be determined before further proceedings are had I stayed further proceedings and report the case for that purpose to the full Court. If the submission of the case to the jury was error, judgment for the defendant is to be ordered; otherwise a new trial is to be had."

This case is not rightly before us. There is no authority in law for such form of report as here was made. The provisions of G. L. c. 231, § 120, are applicable only when a verdict or finding has been entered and stands capable of being the basis of a final judgment if found to be without taint of material error in law. It is of no consequence in this connection whether it be the verdict actually rendered by the jury or the verdict entered by order of the court under leave reserved with assent of the jury; but there must be a verdict. *Kaminski* v. *Fournier*, 235 Mass. 51. *Goetze* v. *Dominick*, 246 Mass. 310. *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467.

In the case at bar the only verdict rendered has been set aside by the judge for reasons which vitiate its validity as a whole. The setting aside of the verdict on the ground that it was "against the law," under the circumstances here disclosed imports that the jury failed to observe the rulings of law given to them by the court. If the factor which made the verdict "against the law" had been in the opinion of the judge a misdirection in law made by himself at the trial, it would have been expected that such question of law would be stated in the report, or at least that it would be stated that the verdict was set aside on that ground. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422. *Loveland* v. *Rand*, 200 Mass. 142.

The other two grounds upon which the verdict was set aside in the case at bar import such entire wrongful conduct on the part of the jury that the verdict with justice cannot

be allowed to stand. The setting aside of a verdict on these grounds implies a finding by the judge that the trust reposed in the jury has been mistaken or abused, or that the verdict is so "greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice." *Scannell* v. *Boston Elevated Railway*, 208 Mass. 513. *Edwards* v. *Willey*, 218 Mass. 363, 366, and cases cited. The verdict set aside on such grounds is entirely gone. When a verdict is set aside as a whole on such grounds, all that occurred at the trial producing that verdict, including all rulings of law, is wiped out. *Simmons* v. *Fish*, 210 Mass. 563, 572. *Welsh* v. *Milton Water Co.* 200 Mass. 409. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545.

It is plain that the report in the case at bar is not within the scope of the power conferred. G. L. c. 231, § 111. Since the report is not authorized by law, there is no room for the operation of G. L. c. 231, § 124.

Under these circumstances it must be held that there is nothing before this court on the report. *Terry* v. *Brightman*, 129 Mass. 535. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259, and cases cited. *Agoos* v. *Cosmopolitan Trust Co.* 241 Mass. 103. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522. *Commonwealth* v. *Cronin*, 245 Mass. 163. The case at bar is quite distinguishable from *Fuller* v. *Andrew*, 230 Mass. 139. See *Seccomb* v. *Provincial Ins. Co.* 4 Allen, 152.

*Report dismissed.*