BOONE R. PAULINO *vs.* TOWN OF CONCORD.

Middlesex.    March 14, 1927. — April 5, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil*, Report.

The Superior Court has no authority to report evidence, at a trial in that court, to this court "for determination whether the evidence warranted the submission of the case to the jury upon the question of the defendant's liability" under a stipulation by counsel that, if the evidence warranted the submission of the case to the jury on the question of liability, judgment was to be entered for the plaintiff in a certain sum,

---

and if the evidence did not so warrant, judgment was to be entered for the defendant, where there has been no verdict, no finding of fact, no agreement as to the material facts, and no ruling of law by the trial judge.

The driver of a motor truck, who was injured when in a drizzling rain the truck skidded from a macadam surface of a public way in a town and over street car rails between which gravel was worn smooth by other travel, and one of its wheels dropped into a depression made by a catch basin for surface water beyond the rails, cannot maintain an action against the town under G. L. c. 84, § 15.

TORT for personal injuries alleged to have resulted from a defect in a public way in the town of Concord.   Writ dated September 12, 1924.

Proceedings in the Superior Court, and the terms of a report to this court by *Thayer,* J., are stated in the opinion.

*W. I. Badger,* for the plaintiff.

*S. Hoar,* for the defendant.

RUGG, C.J.   This is an action of tort to recover for personal injuries alleged to have been received by the plaintiff on November 3, 1922, through a defect in a highway.   G. L. c. 84, §§ 15–26.

Material evidence is set forth to the effect that the highway was macadamized to the width of eighteen to nineteen and one half feet with a high crown, with a curve to the right as the plaintiff was driving, and higher on the right than on the left.   At the right and immediately adjacent to the macadam were tracks for a single trolley car line, between the rails of which the gravel was worn smooth by other travel.   Further to the right and along the edge of the sidewalk was a line of trees.   Between the sidewalk and the car tracks there was grass.   Two feet out from the line of trees was a catch basin to collect the surface water of the road. The distance between the car rails was four and seventy-one one hundredths feet, and from the outside car rail to the edge of the catch basin, five and two tenths feet, and from the catch basin to the line of trees, two feet.   Estimates as to the depth of the grating of the catch basin below the road level varied from twelve to eighteen inches.   The plaintiff during a drizzling rain was injured by the skidding of the motor truck which he was driving, whereby one of its wheels

dropped into the depression of the catch basin. After the narration of this evidence, it is stated in the record that "it was stipulated by counsel that if the evidence warranted the submission of the case to the jury on the question of liability judgment was to be entered for the plaintiff in . . . [a certain] sum . . . . If the evidence did not so warrant judgment was to be entered for the defendant." Upon this stipulation the judge of the Superior Court attempted to report the action to this court "for determination whether the evidence warranted the submission of the case to the jury upon the question of the defendant's liability." There was no verdict by the jury and no ruling by the judge.

This case is not rightly before us. There is no authority in law for such form of report as here was made. The provisions of G. L. c. 231, § 111, are applicable only when there has been a verdict or a finding of facts by the court, or an agreement as to all the material facts. No one of those conditions exists in the case at bar. *Frati* v. *Jannini*, 226 Mass. 430, 431. The case manifestly is not within the provisions of G. L. c. 231, § 120, which is applicable only when a ruling of law has been made. The report is not within the scope of any power conferred upon the Superior Court. *Nagle* v. *Driver*, 256 Mass. 537. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 521, 522. In the case at bar no ruling of law was made and no verdict was rendered and the essential facts as to liability were not agreed.

The trial judge ought to have ruled that on the authority of *Macomber* v. *Taunton*, 100 Mass. 255, and *Carey* v. *Hubbardston*, 172 Mass. 106, the plaintiff could not recover because no actionable defect in the way was shown. Then, if the plaintiff was advised that such ruling was wrong in law, he might have sought review of it by this court on exceptions or report. There was no power to report in the circumstances here disclosed.

*Report dismissed.*