PILLSBURY FLOUR MILLS COMPANY *vs.* HARRY BRESKY & others.

Suffolk.   March 15, 1928. — March 16, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Report.

The power of a judge of the Superior Court to report an action at law to this court is confined to cases where there has been a verdict or a finding of the facts by the court or an agreement as to all the material facts.

A judge of the Superior Court, hearing without a jury an action for breach of a contract of sale of flour by the plaintiff to the defendant, has no power to report the action to this court in the following terms: "If the exhibits numbered 4 and 6 to 20 inclusive are admissible for any purpose and if upon such evidence the Supreme Judicial Court should be of opinion that the defendant had a right to order the . . . [flour] in question to Brooklyn for delivery, then the Supreme Judicial Court to make such final order as the facts and law require.   If the plaintiff

is entitled to recover I find for the plaintiff in the sum of $2,962.80, the amount agreed upon as damages in the event that the plaintiff is entitled to succeed in this action."

CONTRACT for failure to accept delivery of and pay for Semolina flour, alleged to have been sold to the defendants by the plaintiff. Writ dated February 14, 1921.

Proceedings in the Superior Court before *Dubuque*, J., are stated in the opinion.

*E. J. Owens*, for the plaintiff.

*F. P. Garland & J. P. Sullivan*, for the defendants, submitted a brief.

RUGG, C.J. This case came on to be heard in the Superior Court before a jury. During that trial certain exhibits were offered in evidence and admitted subject to the plaintiff's exceptions. At the close of the evidence "the jury was waived and the case was submitted to the court on the facts." Thereupon the judge, without making any ruling of law, undertook to report the case in the following words: "If the exhibits numbered 4 and 6 to 20 inclusive are admissible for any purpose and if upon such evidence the Supreme Judicial Court should be of opinion that the defendant had a right to order the Semolina in question to Brooklyn for delivery, then the Supreme Judicial Court to make such final order as the facts and law require. If the plaintiff is entitled to recover I find for the plaintiff in the sum of $2,962.80, the amount agreed upon as damages in the event that the plaintiff is entitled to succeed in this action."

The power of a judge to report an action at law to this court, broad as it is, is confined to cases where there has been a verdict or a finding of the facts by the court or an agreement as to all the material facts. G. L. c. 231, § 111. No one of these essential prerequisites was complied with in the case at bar. The judge made certain rulings as to the admission of evidence, and found the damages, but there is no finding of essential facts. This court cannot be thus converted into a court of first instance. *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522. The cases of *Nagle* v. *Driver*, 256 Mass. 537, and *Paulino* v. *Concord*, 259 Mass. 142, are direct authorities to the effect that the entry must be

*Report dismissed.*