CARRIE E. MATHEWSON *vs.* ERNEST G. COLPITTS.

Suffolk. November 22, 1932. — December 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* New trial, Report. *Waiver. Insurance,* Motor vehicle liability. *Receiver.*

The judge at the trial of an action refused a ruling requested by the defendant that the plaintiff had waived his rights against the defendant and therefore could not recover, but the defendant saved no exception to the refusal. The judge, on the day when a verdict

for the plaintiff was rendered, made an order that the action should be reported to this court; and subsequently, on motion by the plaintiff, set aside the verdict on the sole ground that the damages awarded were inadequate and ordered a new trial limited to the question of the amount of damages, "without prejudice to the right of the defendant to have the question of law which was raised at the trial before me determined by" this court. At a later time, the judge filed a report of the action to this court upon agreement by the parties that if he "was right in submitting the case to the jury, judgment is to be entered for the plaintiff in the sum finally determined by the jury, otherwise judgment is to entered for the defendant." The second trial resulted in a verdict for the plaintiff in a larger sum. *Held*, that it was within the discretionary power of the trial judge to make the report to this court in these circumstances; and that the question of law raised at the first trial was open in this court on the report.

Where, at the trial of an action for personal injuries sustained when the plaintiff was struck by an automobile owned and operated by the defendant, it appeared that the automobile was covered by a policy of motor vehicle liability insurance issued by a company which, after the injury of the plaintiff, had been placed in the hands of a receiver, and that the receiver had awarded the plaintiff a certain sum on account of his injuries, which he had accepted, but it did not appear what was the method by which the award had been made to the plaintiff, or what orders and decrees respecting the plaintiff's claim had been entered in the receivership proceedings, or whether any payment had been made to the plaintiff on account of the award, there was no error in the refusal of a ruling requested by the defendant that the plaintiff had waived his rights against the defendant and could not recover.

TORT. Writ dated February 11, 1928.

The action was tried in the Superior Court before *Keating*, J. There was a verdict for the plaintiff in the sum of $600. The terms of a report of the action to this court and the granting of the plaintiff's motion for a new trial are described in the opinion. The verdict for the plaintiff at the second trial before *Greenhalge*, J., was in the sum of $3,500.

The case was submitted on briefs.

*P. A. Guthrie*, for the defendant.

*C. S. Walkup, Jr.*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries caused to the plaintiff by being struck by an automobile owned and negligently operated by the defendant. The answer of the defendant set up a

general denial and contributory negligence of the plaintiff. It was agreed in the Superior Court that the defendant was insured in a mutual insurance company, which after the accident went into the hands of a receiver, and that the plaintiff was awarded by the receiver $1,200 on account of these injuries, which she accepted. The defendant requested a ruling that, since the receiver of the insurance company had awarded the plaintiff $1,200 which she had accepted, she had thereby waived her rights against the defendant and was not entitled to recover. This request was denied; but no exception appears to have been saved to this denial. A verdict was rendered on March 9, 1932, in favor of the plaintiff for $600. That verdict was set aside upon motion proper in form. The accompanying statement filed on March 16, 1932, by the trial judge, G. L. (Ter. Ed.) c. 231, § 128, was of the tenor that he set aside the verdict "upon the sole ground that the damages awarded by the jury are inadequate as a matter of fact. A new trial is limited to the question of the amount of damages, without prejudice to the right of the defendant to have the question of law which was raised at the trial before me determined by the Supreme Judicial Court, i.e., whether the plaintiff was entitled to recover in this action."

The setting aside of the verdict because of the inadequacy of the damages and confining the new trial to damages alone was within the power of the trial judge. The result of that action was to establish finally the liability of the defendant for some amount and to leave open for further inquiry only the amount of damages. *Simmons* v. *Fish,* 210 Mass. 563. No exception is shown on the record to have been saved to the denial of the defendant's request that the plaintiff had waived her right against the defendant. No bill of exceptions appears to have been filed. The docket entries show that on the day the verdict was rendered an order was made that the case was to be reported to this court. The trial judge well may have thought that in justice the opportunity for review of his ruling in denying the request of the defendant, to the effect that the plaintiff could not recover, ought to be preserved. At all events on July 9,

1932, he filed a report of the case for determination by the Supreme Judicial Court upon agreement by the parties that if the trial judge "was right in submitting the case to the jury, judgment is to be entered for the plaintiff in the sum finally determined by the jury, otherwise judgment is to be entered for the defendant." A report in these circumstances was within his discretionary power. *Leland* v. *United Commercial Travelers of America,* 233 Mass. 558, 560. The case thereafter was tried again to a jury and a different judge and resulted in a verdict for the plaintiff. That trial was concluded without the filing of any bill of exceptions or the making of any report, and no question of law concerning it is before us.

The case is now before us rightly on the report filed July 9, 1932, of the question of law raised at the first trial, a question still vital for determination of the rights of the parties. *Brooks* v. *Shaw,* 197 Mass. 376. The verdict at the first trial, establishing liability of the defendant to the plaintiff, stands unimpaired. G. L. (Ter. Ed.) c. 231, § 111. Cases like *Nagle* v. *Driver,* 256 Mass. 537, *Paulino* v. *Concord,* 259 Mass. 142, and *Pillsbury Flour Mills Co.* v. *Bresky,* 263 Mass. 145, where attempted reports have been held to be beyond the power of trial judges, are distinguishable from the case at bar.

The question for decision is narrow. It is simply whether the plaintiff waived all her rights against the defendant by accepting an award of damages against the insurance company in the receivership proceeding and therefore cannot recover in this action. The correctness of instructions to the jury at the first trial is not reported. The record is bare. It does not show what orders or decrees were entered in the receivership proceedings touching the insurance company, or the proof of the claim of the plaintiff. Those proceedings under our practice must have been in equity. It must be assumed that, in some form of procedure, the plaintiff was permitted to appear as a party in those proceedings in equity and to prove the amount which she was entitled to receive on the footing that she was entitled to share in the assets of the insurance company. The basis of such claim on her part

was the fact that the automobile of the defendant, through whose negligence she was injured, was insured by the insurance company. The plaintiff had no direct relationship with the insurance company. Her rights were created solely by statute. It is provided by G. L. (Ter. Ed.) c. 175, § 113, that upon "the recovery of a final judgment against any person by any person . . . for any loss or damage specified in the preceding section, [which embraces such damage as the plaintiff is seeking in this action to recover] if the judgment debtor was at the accrual of the cause of action insured against liability therefor, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment as provided in the tenth clause of section three of chapter two hundred and fourteen," that is, by a suit in equity. That statute has been held to be a valid exercise of legislative power. It has also been held that the "loss or damage" does not occur until ascertained and fixed in some legal way, usually by judgment of a court. *Lorando* v. *Gethro*, 228 Mass. 181. *Williams* v. *Nelson*, 228 Mass. 191. Thus the plaintiff could not establish any right to share in the assets of the insurance company until she had recovered the equivalent of a judgment against the defendant. Until such recovery, her claim against the insurance company was inchoate, or potential only. The statute gives her something in the nature of a lien against the money due under the insurance policy as security for the collection of that judgment. It does not give an independent cause of action against the insurance company. Her primary right of action was exclusively against the defendant. Her claim against the insurance company was ancillary to that primary right of action.

A court of equity liquidating an insurance company by receivership has means for establishing claims of this nature. One method is to appoint a master or masters for the purpose of hearing and determining claims similar in nature to those of the present plaintiff against those holding policies of insurance issued by the insurance company. It has been held that this method of proving claims against the insurer is the equivalent of an action of tort and that claimants who avail themselves of it within one year next after the cause of action

accrues are not barred by the short statute of limitations, G. L. (Ter. Ed.) c. 260, § 4, although they have not sued out a writ in a common law action within the statutory period against the original tortfeasor, on whose established liability to the claimants rest the rights of the latter against the insurer. *Commissioner of Insurance* v. *Bristol Mutual Liability Ins. Co.* 279 Mass. 325. That procedure is all for the public welfare and in the interests of private claimants because it promotes speedy and just conclusions and final termination of litigation in which large numbers of persons are concerned. It is but a means of enforcing the lien of the injured claimant upon the assets of the insurance company for damages due from the insured tortfeasor.

The record does not disclose the method by which the award of $1,200 for her injuries was made to the plaintiff in the receivership proceedings. It does not show what payment, if any, has been made by the receiver on account of that award. In the absence of evidence, it cannot be presumed that there has been payment in full. Therefore, the mere award in the receivership proceedings does not constitute a waiver of all right to proceed against the defendant, at least for the deficiency between the award and the amount actually paid to the plaintiff. The instruction requested could not rightly have been given. No other question has been argued or is presented on this record, and no other question is decided. In accordance with the terms of the report the entry must be

*Judgment on the verdict.*