NATHAN KROCK *vs.* CONSOLIDATED MINES AND POWER COMPANY, LIMITED.

Suffolk.   February 6, 1934. — March 29, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Appellate Division: jurisdiction, report.   *Jurisdiction.*

At the hearing in a municipal court of an action of contract against a corporation, the judge, against objection by the defendant, admitted *de bene* conversations of the plaintiff with certain persons contended by the plaintiff and denied by the defendant to have authority to act for the defendant. At the close of the evidence the defendant moved that such testimony be struck out. The motion was denied and the defendant claimed a report of such ruling. Nine days later it filed a request for a report thereof. The Appellate Division discharged a report filed by the trial judge. *Held,* that

(1) If the case was sent to the Appellate Division under G. L. (Ter. Ed.) c. 231, § 108, the report was discharged properly, the defendant having failed to perfect its rights within the two days limited by the statute;

(2) If the report was made under St. 1931, c. 325, § 1, it properly was discharged as it did not present a question of law within the meaning of the statute, namely, a question of law affecting the merits of the whole case.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 19, 1932.

In the Municipal Court, the action was heard by *Adlow,* J. Proceedings before him are described in the opinion. On April 15, 1933, he found for the plaintiff in the sum of $309.50 and made the report to the Appellate Division described in

the opinion. The report was discharged. The defendant appealed.

*H. Finn*, for the defendant.

*A. Cohen*, (*H. H. Deitchman* with him,) for the plaintiff.

CROSBY, J.   This is an action of contract brought in the Municipal Court of the City of Boston to recover for printing work.

The plaintiff (doing business as the Boston Printing Company) testified, in direct examination, that as a result of a conversation with one Mabey he called at the office of the defendant, and there met Mabey and Walter S. Thompson and had a conversation with them. He was asked to "State the conversation . . . [he] had with Mabey and Thompson." The defendant objected. The judge ruled that he would admit the evidence *de bene.* The plaintiff stated, in substance, that Mabey said he wanted some printing done; that Mabey gave him copies of what he wanted printed, and told the plaintiff to charge it to the Consolidated Mines and Power Company, Limited; that he (the witness) later showed some proofs to Mabey or Thompson, and, subsequently, circulars which were printed by the plaintiff were delivered at the office of the defendant; that on the door of this office was the name Walter S. Thompson and also the name of the defendant company; that statements were sent to the defendant each month; that he never heard from the defendant until about eight months after the last item of the account annexed was delivered, when he received a letter from the defendant stating that it never ordered any work to be done by the plaintiff; that the plaintiff received a small payment on account and this payment was by check of Mabey. The printed matter was a prospectus of the defendant company. On cross-examination the plaintiff testified that he had known Mabey for several years and during this period Mabey had ordered printing from him at various times; that Mabey had an account with him; that he never met Thompson until February, 1932, when he had the conversation with him in the office of the defendant, which he referred to in his direct examination. One Bremner, called by the defendant, testified that he is the treasurer and secre-

tary of the defendant and spends all his time at the office of the company; that he never saw the plaintiff there and never ordered any printing from him or authorized any one to do so; that Mabey was not an officer or employee of the defendant; that Thompson was and now is the attorney for the defendant but is not an officer.

At the close of the plaintiff's case the defendant moved that the testimony of the plaintiff relating to the conversation with Mabey and Thompson which was admitted *de bene* be struck out. This motion was denied. The defendant requested that the ruling be reported. The judge found for the plaintiff and reported the ruling to the Appellate Division which ordered the report discharged. The case is before this court on appeal from the order discharging the report. It appears from the docket entries that the case was tried on April 10 and 11, 1933, and that the request for a report was not filed until April 20, 1933. Although the defendant stated that it claimed a report at the time the evidence in question was admitted at the trial, it did not file its request for a report within two days after notice of the ruling as required by the statute. *Massachusetts Drug Co.* v. *Bencks*, 256 Mass. 535. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495.

G. L. c. 231, § 108, provides that the request for a report "shall be filed with the clerk . . . within two days after notice of the ruling . . . and when the objection is to the admission or exclusion of evidence, the claim for a report shall also be made known at the time of the ruling." This statute was amended by St. 1931, c. 325, § 1, which is entitled "An Act authorizing reports to the appellate divisions of district courts at the instance of the justices thereof." This amendment provides in part as follows: "A single justice may, after decision thereon, report for determination by the appellate division any case in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only." The report presents a single question on the admissibility of evidence. The power under the statute to report the case does not confer a right to report all interlocutory or subsidiary rulings which are not determinative of the case. "It cannot be presumed that

it was the legislative purpose to confer appeal from the Appellate Division upon a far broader range of matters than is allowed as of right to litigants in the Superior Court." *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526, 527. Although in a given case a question of the admissibility of evidence might well affect the merits of the whole case, we do not think the instant case presents such a question. If this case was sent to the Appellate Division under G. L. (Ter. Ed.) c. 231, § 108, it is sufficient to say that the defendant failed to perfect its rights within the time limited by statute. If it was reported under St. 1931, c. 325, § 1, it does not present a question of law within the meaning of that statute. As the report in the first instance presents a question of jurisdiction we do not pass upon the admissibility of the evidence offered.

It follows that the Appellate Division rightly ordered the report discharged.

*Order discharging report affirmed.*