EMILY J. MOSHER *vs.* ORIENT INSURANCE COMPANY. October 24, 1939. Report discharged. Case to stand for further hearing in the Superior Court. The case is not rightly before us on the report. G. L. (Ter. Ed.) c. 231, § 111. There was no "verdict," "finding of the facts by the court," or "agreement as to all the material facts," and no "interlocutory finding or order" made by the judge reporting the case. *Paulino* v. *Concord,* 259 Mass. 142, 144. *Pillsbury Flour Mills Co.* v. *Bresky,* 263 Mass. 145, 146. See also *Comstock* v. *Soule,* 303 Mass. 153.

*R. Landau,* for the plaintiff.
*R. J. Cotter & G. B. Rowell,* for the defendant.

COMMONWEALTH *vs.* JOHN S. EPPICH. October 25, 1939. Orders dismissing motions affirmed. Since the result to the defendant will be the same in any event we do not pass upon the question whether the case is properly before us on report. See G. L. (Ter. Ed.) c. 278, § 30; *Commonwealth* v. *Burton,* 183 Mass. 461, 473–474; *DeFerrari* v. *DeFerrari,* 220 Mass. 38, 40; *Commonwealth* v. *McNary,* 246 Mass. 46, 48; *Commonwealth* v. *Morgan,* 280 Mass. 392, 393. The action of the trial judge in declining to hear the motions and in effect, if not in form, denying them was correct on the authority of *Commonwealth* v. *Phelan,* 271 Mass. 21, 22. The defendant, however, asserts that the action of the trial judge infringed his constitutional rights conferred by Part 1, art. 11, of the Constitution of Massachusetts. But as he advances no argument in support of his assertion the court is not required to decide the point. *Commonwealth* v. *Dyer,* 243 Mass. 472, 508. *Latherizer Corp.* v. *Department of Public Utilities,* 278 Mass. 454, 460. *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284, 285. Nevertheless we have considered it and are satisfied that it is without merit. Since, as appears from the report, no question is raised as to the regularity of the proceeding at which the defendant was sentenced he had no constitutional right to a rehearing. See *Pittsburgh, Cincinnati, Chicago & St. Louis Railway* v. *Backus,* 154 U. S. 421, 426–427; *James* v. *Appel,* 192 U. S. 129, 137; *McKane* v. *Durston,* 153 U. S. 684, 687; *Ohio* v. *Akron Metropolitan Park District,* 281 U. S. 74, 80; *District of Columbia* v. *Clawans,* 300 U. S. 617, 627. See also *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London,* 281 Mass. 303, 320; *King* v. *Grace,* 293 Mass. 244.

*J. F. Morelli,* for the defendant.
*A. F. Iovino,* Assistant District Attorney, for the Commonwealth.

HYMAN KAUFMAN *et als. vs.* SARAH LISS (Estate of Sam Liss). November 8, 1939. Decree affirmed. This is an appeal from a decree of the Probate Court in the matter of the alleged will of Sam Liss, late of Salem, denying a motion by the contestants for the framing of issues for trial by jury. Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — we conclude that there was no error in the denial of this motion. See *Hannon* v. *Gorman,* 296 Mass. 437.

*M. Caro,* for the contestants.
*J. W. Sullivan, (H. Marcus* with him,) for the petitioner.