EUNICE McNULTY *vs.* AETNA LIFE INSURANCE COMPANY.

Suffolk.    October 5, 1939. — January 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Actionable Tort. Negligence,* Insurance company. *Fraud. Insurance,* Duty of insurer to claimant.

No finding of facts justifying a conclusion of negligence or fraud of the insurer of the operator of an automobile toward one who had a claim against the operator would have been warranted by evidence that the injured person placed the claim in charge of an attorney to "dispose of as he in his best judgment saw fit" but without authority to sign a release for him, that the attorney made a settlement with the insurer and received the amount thereof, delivering to the insurer a forged release of all demands which was accepted without knowledge of the forgery but without investigation of the validity of the release, and that the claimant did not learn of the settlement and forgery until his cause of action against the operator was barred by the statute of limitations.

TORT. Writ in the Superior Court dated July 31, 1934.

A verdict for the defendant was ordered by *Morton,* J. The plaintiff alleged exceptions.

The case was submitted on briefs.

*T. J. Colbert & C. B. Cotter,* for the plaintiff.

*G. Petersen & H. W. Hardy,* for the defendant.

QUA, J. This is an action of tort. The declaration alleges that the plaintiff sustained personal injuries as a result of negligent operation of an automobile by one Steptoe; that the defendant insured Steptoe against claims for personal injuries; that the plaintiff "entered claim with the defendant" through an attorney; that the defendant "negligently, carelessly and wilfully settled said claim" with the attorney for less than the injuries were worth and accepted from the attorney releases purporting to be signed by the plaintiff but in fact forged; that the defendant

knew or by the exercise of due diligence should have known that the releases were not genuine and in accepting them and by its action in settling the claim with the attorney without the plaintiff's authority "contrived and conspired" with the attorney "and defrauded the plaintiff of her right to bring an action at law" against Steptoe within the time limited by statute, "All to her great damage."

The suggestion of conspiracy in the declaration amounts to nothing more than an allegation of joint action between the defendant and the plaintiff's attorney, who is not a party. It is immaterial in this case. *Parker* v. *Huntington*, 2 Gray, 124. *Fleming* v. *Dane*, 304 Mass. 46, 51, and cases cited. At most, the charge against the defendant is that it deprived the plaintiff of her cause of action against Steptoe (1) through negligence and (2) through fraud.

The defendant admitted that it insured Steptoe, and that the plaintiff had "entered" a claim against Steptoe through an attorney. The evidence at the trial tended to show that a few weeks after the plaintiff had been struck by Steptoe's automobile a representative of the defendant obtained from the plaintiff a signed statement relative to the accident; that sometime later the plaintiff engaged the attorney to represent her in the matter, but never authorized him to settle the case or to sign a release or draft for her; that "she gave it to him to handle and dispose of as he in his best judgment saw fit"; that the plaintiff's attorney, without her knowledge, settled the case with the defendant for $1,300; that the attorney delivered to the defendant a release purporting to be signed in the plaintiff's name and witnessed by the attorney, but not in fact signed by the plaintiff; that the attorney indorsed his name as the plaintiff's attorney on the back of the draft; that he failed to inform the plaintiff of the settlement or to pay her any of the money; and that the plaintiff first learned of the settlement more than three years later, after the statute of limitations had run upon her claim against Steptoe. The defendant's adjuster who made the settlement in its behalf, when called as a witness by the plaintiff, testified that, comparing on the witness stand the indorsement on the

draft with the purported signature of the plaintiff on the release, he would say they were both written by the attorney; that at the time of the settlement it was not the custom to make the draft payable to both the attorney and the client; and that the witness does not put the releases under a microscope "to see if the lawyer is committing a forgery." The foregoing states the substance of the material evidence.

This evidence furnished no basis for a finding that the defendant was negligent in the performance of any duty which it owed to the plaintiff. See *Mathewson* v. *Colpitts*, 284 Mass. 581, 585. The defendant was under no obligation to take active steps to protect the plaintiff against forgery or deceit by her own counsel. It owed her no duty to compare the signatures on her statement, on the draft, and on the release to see that the release was genuine. If the settlement and release did not bind the plaintiff, her cause of action remained to her until barred by limitation long afterwards. It was not the duty of the defendant to inform her when her cause of action would be barred.

There was no evidence of fraud on the defendant's part. So far as appears the defendant did not know that the release was not signed by the plaintiff, or that the plaintiff would not receive her money. The defendant was as much a victim of fraud as was the plaintiff. There was no evidence that the defendant did not act fairly and in good faith in all respects.                    *Exceptions overruled.*