Robbins, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries alleged to have been sustained by her on or about F'ebruary 25, 1939, in the defendant’s place of business in Worcester, Massachusetts, and alleged to have been caused by the negligence of the defendant.
At the trial held November 16, 1939 there was evidence tending to show that the plaintiff on or about February 25,1939, at about 1 P. M. entered the store of the defendant for the purpose of making certain purchases therein; that she made certain purchases and was walking out of the store with bundles in her arms when she slid and fell down *409 striking her 'head against the door which constituted the main entrance and exit to and from the store; that she was picked up by someone; that her son removed an orange peel from the bottom of her shoe and wiped off her shoe with a handkerchief; that this orange peel was dirty, filthy and black with foot marks and dry around the edges; that there were no other orange peels around the floor; that there was an orange counter adjoining the aisle which was near the main exit, and the plaintiff fell between the orange counter and the main exit.
The defendant filed several requests for rulings but the plaintiff filed none.
On December 1, 1939 the trial judge made a 'finding for the defendant, but disregarded the defendant’s requests. On December 5, 1939, the plaintiff filed a motion for a new trial and on December 7, 1939, a claim for a report, but never filed a draft report. On December 29, 1939, the defendant filed a motion to dismiss the claim for a report. On January 4, 1940, the trial justice denied the plaintiff ’s motion for a new trial and allowed the defendant's motion to dismiss the plaintiff’s claim for a report. On January 9, 1940, the plaintiff filed a motion for the reargument of the motion for a new trial and this motion was argued by both parties on February 5, 1940. The trial judge then allowed the motion. There was no claim ever made that there was any newly discovered evidence.
On February 12, 1940, without further hearings or argument, the trial judge made the following entry: “Order of January 5, 1940 is by me reversed. Case is to stand for new trial before another Justice of this Court.” The docket shows no order of January 5th, and presumably the trial judge intended to reverse his order of February 5th.
On February 17, 1940 the defendant filed a motion to expunge the trial justice’s order of February 12, 1940, a *410 motion for judgment on the general finding for the defendant made December 1, 1939, and a request for a report. These motions were argued and denied on March 22, 1940: The defendant filed a draft report on February 21, 1940, and at a requested hearing thereon the matter was “continued nisi.”
On May 15, 1940 the docket has the entry “Report as allowed by Court filed.” Apparently the trial justice recognized the unhappy situation of the case due to his vacillation and reported the case in the following language:
“Notwithstanding said order of February 12, 1940, reversing the general finding for the defendant and ordering the case to stand for a new trial, I hereby report the following sole issue to the Appellate Division for determination:
“If the evidence herein reported does not warrant a finding for the plaintiff, then judgment shall be entered for the defendant on the original finding in its favor; if the evidence herein reported warrants a finding for the plaintiff, then the case is to stand for a new trial before another justice of this Court.”
The first question to be decided is whether the trial justice had the authority to report the case in this manner, a decision much complicated by the confused state of the record. After the trial judge made his first finding, which was for the defendant, the plaintiff failed to perfect his claim for a report and never filed any draft report. After the trial judge reversed himself and made a finding for the plaintiff, the defendant claimed a report, filed a draft report, and asked a hearing thereon. At this hearing no-action was taken other than to continue the matter “nisi” which we understand to mean indefinitely. Thereafter the docket entry shows “Report as allowed by court filed.” This refers to the report before us, and as far as the entry goes might mean that the report asked for by the defendant had been allowed. The language of the report,, how *411 ever, does not allow it to be so construed, but clearly indicates the intention of the trial judge to report the case under the provisions of Acts of 1931, Chap. 325 §1 now embodied in G. L. (Ter. Ed.) Chap. 231, §108, the pertinent part of which reads as follows:
“A single justice may, after decision thereon, report for determination by the Appellate Division any case in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only.”
There is in this case no agreed statement of facts nor any finding of facts, so that to justify the report this must ■be a “case involving questions of law only.”
In Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 179-180, the language of Real Property Co. Inc. v. Pitt, 230 Mass. 526, 527 is quoted as follows: “It cannot be presumed that it was the legislative purpose to confer appeal from the Appellate Division upon a far broader range of matters than is allowed as of right to litigants in the Superior Court.” In East Hampton Bank $ Trust Co. v. Collins, 287 Mass. 218, 219 the court, in construing G. L. Chap. 231, §108, said “Such a voluntary report resembles the voluntary report, under G. L. (Ter. Ed.) Chap. 231, §111, from the Superior Court and other courts to this ■Court.” These statements indicate that by analogy the decisions construing §111 would be applied to §108, and it seems clear that under §111 the case before us could not be reported. Gulesian v. Richardson, 1940 A. S. 919, Paulino v. Concord, 259 Mass. 142, Pillsbury Flour Mills Co. v. Bresky, 263 Mass. 145, Comstock v. Soule, 1939 A. S. 779. To be sure, §111 does not contain the words “Any case involving questions of law only” but in Krock v. Consolidates that this phrase does not cover every question of dated Mines & Power Co., 286 Mass. 177, 180, the court in-law. As was said about the construction of what is now *412 §111, in Noble v. Boston, 111 Mass. 485 “it was not intended to relieve the Superior Court of the responsibility of deciding upon all. questions incident to the trial of issues in that court. . . . Any other interpretation of the statute would tend to transform this court into an advisory board for the direction of the business of the court below.”
G. L. Chap. 231, §108 also contains the following: “If a single justice is of opinion that an interlocutory finding or order made by him ought to be reviewed by the Appellate Division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties.”
The record in this case shows that the trial judge ordered no stay of proceedings in the trial court as is required by that part of §108 just quoted and yet his order reporting the case was interlocutory in its nature because we are asked to decide whether the case is to be re-tried. See Lariviere v. Boucher, Appellate Division Reports, Vol. 1 No. 2, Page 93.
We are, therefore, of the opinion that this case is not properly before us, not being a “case involving questions of law only” nor an interlocutory matter reported as such. Stoneham Co-operative Bank v. Moulton, Appellate Division Reports, Vol. 3 No. 2, Page 79.