Putnam, C. J.
It appears from the report in this action that the plaintiff sues in tort to recover damages for personal injuries sustained by falling on ice and snow on the defendant’s sidewalk. The only question reported is the correctness of an interlocutory order (Hammond v. Boston Terminal Co., 295 Mass. 566) made by a single justice denying a motion by the defendant for further answers to certain interrogatories addressed by him to the plaintiff. Those interrogatories deal only with the plaintiff’s injuries, her medical expenses, the duration of her incapacity, previous and subsequent accidents and illnesses, and her athletic activities before and after the accident. The action has never been tried and except for the pen *518 dency of this report it is in order for a trial on the merits.
The first question which arises (and it is one which this division may and should, raise of its own motion — Eaton v. Eaton, 233 Mass. 351, 364) is whether this division has jurisdiction to entertain this report. Differently stated, the question is whether the single justice had power to make the report.
The subject of reports to an appellate division is dealt with in G. L. (Ter. Ed.) C. 231, sec. 108 as amended. That section, in its third paragraph, sets forth three sets of circumstances under which a single justice must, or may, make a report. We consider these in their order.
First comes a provision that “Any party to a cause (in a district court), aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same”. It cannot be effectively contended that this phrase “or sooner by consent of the justice hearing the same” was intended by the legislature to authorize the reporting of interlocutory orders and rulings by a single justice. If that was the legislative intent there would have been no need for the enactment of St. 1931, C. 325, sec. 1, hereinafter discussed. Furthermore, to come within the above-quoted language, there must be a “cause” which a justice has been “hearing”. In the case at bar there was no “cause”. There was nothing more than an interlocutory motion, apparently heard in the so-called motion session of this court. This part of sec. 108 plainly contemplates the existence of a “cause” which has been heard and determined on the merits.
*519 By St. 1931, C. 325, sec. 1, two more provisions relative to reports were inserted in said section 108. The first of these is as follows: “A single justice may, after decision thereon, report for determination by the appellate division any case in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only”. Manifestly the order or ruling reported in the case at bar does not fall within this provision. The matter reported is not a “case”. As this division said in Finkelstein v. Equitable Life Assurance Society, 1 App. Div. Rep. 146, “What the statute covers are cases intrinsically devoid of any factual element, or cases in which that element has been eliminated, either by agreement or by a finding of the facts, which stands. . . . The statute of 1931 is addressed to a case prepared for-final order . . . ”.
The second provision inserted in said section 108 by St. 1931, C. 325, see. 1 is as follows:
“If a single justice is of opinion that an interlocutory finding or order made by him ought to be reviewed by the appellate division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties”. In considering this provision it is to be noted that the report in the case at bar does not, on its face, purport to have been made thereunder. It contains no statement to the effect that the single justice was of opinion that his interlocutory order ought to be reviewed before any further proceedings should be had in the trial court, although somewhat similar language in G. L. (Ter. Ed.) C. 214, sec. 30, dealing with reports of suits in equity, and precisely similar language in G. L. (Ter. Ed.) C. 231, sec. 111, dealing with reports of law actions by justices of the Supreme Judicial and Superior Courts *520 to the full court have been held to require a certificate by the judge as to his opinion. Real Property Co. Inc., v. Pitt, 230 Mass. 526. See, for examples of such certificates by justices of the Superior Court, United Drug Co. v. Cordley & Hayes, 239 Mass. 334; Cosmopolitan Trust Co. v. Cohen, 244 Mass. 128; Nagle v. Driver, 256 Mass. 537. See also John Hetherington & Sons, Ltd. v. William Firth Co., 212 Mass. 257, 258-9. Nor does the report in the case at bar contain any intimation that the single justice ordered any stay of further proceedings, and an examination of the original papers in the clerk’s office fails to disclose any such order.
Even if, however, the report was made by the single justice under the impression that the provision last above quoted authorized him to make it he was in error. He had no power to make this report. “The power under the statute to report the case does not confer a right to report all interlocutory or subsidiary rulings which are not determinative of the case”.
Krock v. Consolidated Mines & Power Co., 286 Mass. 177.
The order made by the single justice was plainly interlocutory and was in no sense determinative of the ease. The report is not properly before this Division.

Report discharged.