Gadsby, J.
This is an action of contract whereby the plaintiff seeks to recover for alleged disability benefits due him from the defendant corporation. The trial judge made the following finding of facts:
“I find that the plaintiff was at the time of the commencement of this action and had been for about thirteen years a permanent member of the regular police force of the Town of Arlington, and I find that as such he was a member of the defendant corporation.
*214 “I find that sometime in the month of September, 1940, the plaintiff was disabled from the performance of his duties as a police officer by reason of an accident sustained in the performance of his duty as a police officer.
"I find that on August 28, 1942, the plaintiff procured a leave of absence from the police force of the Town of Arlington and enlisted in the United States Coast Guard, where he served as a Chief Petty Officer until July 17, 1943, and I further find that on or about September 10,1942 the plaintiff sustained an injury while a member of the United States Coast Guard which disabled him from the performance of his duties as a member of the Coast Guard, and as a result on July 17, 1943 he received an honorable discharge from the Coast Guard under the following conditions,—
‘Physical disability, existing prior to enlistment, ordinary discharge under honorable conditions.’
“I find that the plaintiff immediately thereafter applied for re-instatement as a member of the regular police force of the Town of Arlington and that after an examination by Dr. Edward W. Feeley, on behalf of the Town of Arlington, the plaintiff was re-instated as a member of the regular police force of the Town of Arlington.
“I find that the plaintiff did not disclose to Doctor Feeley upon his examination the accident which occurred to him while a member of the Coast Guard, for the reason as given by the plaintiff that had he done so he might not have been re-instated.
“I find that several times between July 27, 1943, and October 24, 1943 the plaintiff was disabled from performing his full duty as a member of the Arlington police force by reason of the injury to his back which he originally sustained in September, 1940 and which was aggravated by reason of the injury he received on or about September 10, *215 1942 and that during such time as he was disabled he received disability benefits from the defendant corporation.
“I find that during a period from August, 1943 to December, 1944 that the plaintiff in addition to carrying on his duties as a regular member of the Arlington Police Force worked at various periods outside the time he was engaged as a police officer for private concerns, to wit: as a truck driver, as a guard and as a machine operator, but that he performed no such work during any of the time in which he claimed to have been disabled and during which he received or sought disability benefits from the defendant corporation.
“I find that from October 25, 1944 to December 7, 1944, the plaintiff was prevented from performing his full duties as a regular member of the Arlington police force, by reason of the disability above mentioned from the defendant. For twenty-two days he was paid directly by the Town of Arlington under a regulation of the Town, which provided that the Town pay police officers for sick leave for not more than 30 days in any 12 months.
“I find that during the period of his disability he was treated at various times by Dr. Edward W. Feeley, a qualified physician in the Town of Arlington, who diagnosed his condition as a sacroiliac strain, with spasmodic incapacity, temporary in nature, and that during such period his condition was such as to incapacitate him from performing his full duties as a regular member of the Arlington police force.
“I find that there were nineteen days during the months of November and December of 1944 during which the plaintiff was disabled from performing his full duties as a police officer in the Town of Arlington for which he received no compensation from any source,
*216 “I find that on October 28, 1944 the plaintiff made application to the Selectmen of the Town of Arlington for a pension on account of his inability to perform the full duties of a regular police officer in the Town of Arlington and that in consequence of such application the plaintiff was examined by Dr. B. A. G-odvin, a duly qualified physician of Boston, who reported to the Town as follows:
‘Opinion: It is my opinion that patient has a low grade form of arthritis involving his dorsal spine as revealed by X-ray.
‘I feel that the treatment of baking and massage has been good treatment. I also feel a low back brace would give him considerable support. I see no reason why he cannot carry on with some of his police duties.’
“I find that on December 7,1944 the Chief of Police of the Town of Arlington ordered the plaintiff to report for duty at 12:45 A. M. on December 8, 1944 and that the plaintiff did report for duty and since that time he has been performing some of his duties as a police officer in the Town of Arlington, to wit: he has been stationed at the desk inside- of the police station house in Arlington, but he has not been performing his full duties as a police officer in the Town of Arlington.
“I find that at no time prior to December 8, 1944 the plaintiff ever requested he be given light work as a police officer or be relieved from performing his full duties as a police officer in the Town of Arlington.
“I find that on November 20, 1944 the plaintiff made application to the defendant corporation for disability benefits under the provision of the by-laws of the defendant corporation.
“I find that the by-laws of the defendant corporation provided as follows:
*217 ‘ARTICLE II
Membership
The Association shall be composed of those persons only who are attached, either permanently or for the statutory probationary period, to the regular police force of the Town of Arlington, and of those who have been retired under the pension law.
Section 2. Each member shall be entitled to receive from the Association a certificate setting forth the benefits which he and his beneficiaries are entitled to by reason of membership, the limitation of such benefits and the terms and conditions attached to the same.
ARTICLE III
Purposes
The purpose of the Association shall be to pay to its members benefits for disability caused by disease or accident, and death benefits to the Beneficiaries of the deceased members.
ARTICLE VII
Powers and Duties of Officers
¡Section 2. Executive Board
The Executive Board shall have general supervision of the affairs of the Association.
They shall pass upon all applications for Disability and Death Benefits, and shall direct the Treasurer when, to whom and in what amount the same shall be paid.
ARTICLE XI
Payment of Disability Benefits'
To any member of the Association, except pensioned members of the Police Department, who shall be disabled from the performance of duty by reason of any disability caused by disease or accident resulting in loss of pay, there shall be due and payable from the Dis *218 ability Fund a Disability Benefit of ($5.00) Five Dollars for not exceeding seventy days in any twelve consecutive months, since amended to $6.00 per day.
Section 3. No pay shall be allowed under sections 1 and 2 of this article if the sickness or injury is feigned, simulated, exaggerated, or arises from carelessness, improper or vicious conduct, excessive indulgence of appetite, or other bad habits; or from improper illegal, or immoral practices . . .
The Executive Board at each regular monthly meeting thereof, shall determine what disability benefits have become due and payable for the last preceding calendar month; 'and within three days thereafter the Treasurer, under direction of the Board, shall pay the same, provided, that no disability' benefits shall be paid so long as any assessment called from the member to whom such benefit has accrued shall remain unpaid. ’
“I find that the Executive Committee of the defendant corporation had a hearing on the application of the plaintiff for disability benefits on December 13, 1944, at which the plaintiff was present and gave evidence regarding his disability for which he claimed benefits.
“I find that at this hearing the plaintiff told the Executive Committee that he would have returned to work earlier than he had except for the fact that it would have affected the application for a pension which he had filed with the Board of Selectmen.
“I find that on December 29, 1944, the Executive Committee of the defendant corporation considered the application of the plaintiff, his testimony before the Executive Committee and the report of Doctor Bodvin, and that thereafter in good faith and without malice voted to deny the application of the plaintiff for disability benefits on the ground that the plaintiff’s injury was feigned, simulated and exaggerated.
*219 “The pleadings may be referred to and the within findings of fact incorporate and are based upon all of the evidence material to the questions reported.
“Both the plaintiff and the defendant duly filed certain requests for rulings, copies of which a,re annexed hereto.
“If, as a matter of law, the plaintiff is entitled to recover, then I find and assess damages in the sum of One Hundred Fourteen (114) Dollars.
“The Court being in doubt, as a matter of law, whether or not the plaintiff is entitled to recover, I deny all of the requests for rulings of the plaintiff and the defendant and hereby report the same to the Appellate Division for consideration.
s/ EDWARD A. COUNIHAN, JR., Special Justice
This case is not rightly before us. There is no authority in law for such form of report as here was made. O. L. (Ter. Ed.) Chapter 231, Section 108, contains the pertinent provisions relative to a report to this Division.- It is provided that any party aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same. There is- a further provision that a single justice may, after decision thereon, report for determination by the appellate division any case in which there is an agreed statement of facts or a finding of the facts or any other case involving questions of law only. Under the provisions of this section the jurisdiction of the appellate division does not begin until the case is otherwise right for final judgment or until the trial judge has passed upon the question to be reported before the report is in order.
*220 The provisions for a report in both the Superior and District Courts are entirely statutory and although they differ, yet the case of Paulino vs. Town of Concord, 259 Mass. 142, is very similar to the case at bar. In that case it was- held that the Superior Court has no authority to report evidence, at a trial in that court, to this court “for determination whether the .evidence- warranted the submission of the case to the jury upon the question of the defendant’s liability” under a stipulation by counsel that, if the evidence warranted the submission -of the case to the jury on the question of liability, judgment was to be entered for the plaintiff in a certain sum, and if the evidence did not so warrant, judgment was to be entered for the defendant, where there has been no verdict, no finding of fact, no agreement as to the material facts, and no ruling of law by the trial judge.
-Since the report is therefore not properly before us, there is- no need -of any discussion relative to the request for rulings of law which were denied. There -being no power to report in the circumstances here disclosed, the ease being improperly before the Division it is discharged for lack of jurisdiction.