Staff, J.
This rather unusual case arises out of a small claims action[1].
At the time set for hearing the case the plaintiff was not personally present but was represented by counsel; the defendant filed no answer[2] and was not present. Plaintiffs attorney requested that the defendant be defaulted and the court refused to do so.
The first justice of the court has promulgated the following memorandum which sets forth a procedure to which he adheres but which is not binding on other judges sitting in the small claims sessions of that court.
SMALL CLAIMS PROCEDURE
Please be advised pursuant to Rule 177 of the Massachusetts Rules of Civil Procedure if in a Small Claim action the plaintiff himself or herself does not appear at the time scheduled for hearing and the defendant does appear personally, plaintiff s claim is subject to dismissal whether or not plaintiffs counsel is present. Counsel will not be permitted to stand in for a plaintiff unless counsel himself is party to the action. To permit otherwise would deprive a defendant who is present of his right to cross examine an adversary.
No defendant in a Small Claim action shall be defaulted unless, the plaintiff personally is present at the time scheduled for hearing.
If neither plaintiff nor defendant is present personally, the case shall, be continued. ■ •
(Exhibit D).
The plaintiff claimed that the failure of the judge to default the. defendant, in the circumstances set forth, denied the plaintiff her right to counsel, :due process, equal protection of the law and was wrong as a matter of law.
The case was reported to the Appellate Division, purportedly as a case stated under Dist./Mun. Cts. Supp. R. Civ. P. Rule 185.[3] ¡
The named defendant has never appeared in the case in the trial court nor in *324 the Appellate Division.
A brief was filed by the presiding justice and was argued by an assistant attorney general.
Although the issues were not raised by the plaintiff nor by the trial justice, the Appellate Division, sua sponte, raised the two questions of: 1) whether th,fe Appellate Division may hear an appeal of an interlocutory ruling in a small claimis case voluntarily reported as a case stated; and 2) whether the Appellate Division may review what in effect is a trial court’s exercise of its rule making power.
The small claims procedure "was intended by the Legislature to provide a simple, prompt, and informal means, at small expense, for adjudication of small claims. McLaughlin v. Levenbaum, 248 Mass. 170, 175-176 (1924).
The statute and rules promulgated thereunder while giving a judge wide discretion in conducting the hearing as to order and form and methods of proof, nonetheless require that the case be determined "according to the rules of substantive law.” G.L. c. 218, 8 21.
Both § 23 of G.L. c. 218 and Dist./Mun. Cts. Supp. R. Civ. P., Rule 185 provide that a report to the Appellate Division by the court should be "in the form of a report of a case stated”[4] When.a case is presented as a case stated, the parties agree upon all the material facts on which the rights of the parties are to be determined by the law. Frati v. Jannini, 226 Mass. 430, 431 (1917): Scaccia v. Boston Elevated Railway Co., 308 Mass. 310, 311-14 (1941).
In the instant case, all of the material facts are not before us. In effect, we are asked to review an interlocutory ruling by the trial judge and we decline to do so.
Counsel suggests that G.L. c. 231,8 108 provides that the Appellate Division may review and decide questions of law involving interlocutory orders upon the voluntary report of the trial justice. We reject the proposition that this statute, which created and established procedures in general for the Appellate Division, takes priority over G.L. c. 218, 8 23, or that the two statutes are in conflict.
We take it that the more stringent language of G.L. c. 218,8 23 on cases under the small claims procedure is intended to apply to those cases, whereas the more general language contained in G.L. c. 231,8 108 governs all other cases in which the Appellate Division is given jurisdiction.
We note, too, that interlocutory orders reported by a trial judge are reviewable by the Appellate Division only in cases which involve serious question liable to be material to the ultimate decision of the cases reported. Barnette v. Commercial Union Insurance Co., 55 Mass. App. Dec. 3, 5-8 (1974): Pokrant v Horrigan, 20 Mass. App. Dec. 1, 2 (1960); Krock v. Consolidated Mines & Power Co., Ltd., 286 Mass. 177, 179 (1934). The case of Microsonics, Inc. v. Comrex Corp. 39 Mass. App. Dec. 229 (1968), cited by counsel, is inapposite.
We rule that the issue raised by the report is not within the category of cases of which the law gives us jurisdiction. Accordingly, we order that the report be discharged.[5]
Although this ruling disposes of the case, we shall address briefly the question of whether the Appellate Division may review a trial court’s rule making power. The rule making power is vested in the administrative judge subject to the approval of the Supreme Judicial Court, G.L. c. 218,8 43. that is not to say that the district and various other inferior courts do not have an inherent power to *325 make such rules as are necessary for the proper conduct of their business so long as such rules are not inconsistent with rules of general application promulgated by the administrative judge or the Supreme Judicial Court. The Appellate Division has no superintendence power nor does it have the authority to review the exercise of the inherent rule making power, except insofar as such question arises incidental to a matter otherwise properly before the Appellate Division.
The superintendence power as to all courts of inferior jurisdiction is lodged in the Supreme Judicial Court, both as to the correction and prevention of errors and abuses if no other remedy is expressly provided, and as to the administration of such courts including the issuance of such orders, directions and rules as may be necessary or desirable for the administration of justice. G.L. c. 211, § 3.
As we have indicated, the report may be discharged.

 G.L. c. 218, §§ 21-25.

 Dist./Mun. Cts. Supp. R. Civ. P. Rule 173.“A defendant, at any time may before the hearing state to the clerk, orally or in writing, his defense to the claim

 "‘If any question of law arises under this procedure which the court is of the opinion requires review, it may submit the matter, in the form of a report of a case stated, to the appellate division_”

 It may be noted that "no party to acause under the procedure shall be entitled to a report.” G.L. c. 218, S 23.

 Discharging the report rather than dismissing it appears to be the appropriate remedy. See Krock v. Consolidated Mines & Power Co., Ltd., 286 Mass., 177, 180 (1934).